1   Edward Coughlin
    70 Wilmot St
2   San Francisco, CA 94115

3   562-230-1489

4   Defendant in Pro Per.

**FILED**

SEP 2 5 2019

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

5

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  In re                                        )   BK. No. 19-30814 DM7
                                                 )   Chapter 7
12  In re EDWARD CORNELIUS COUGHLIN              )
                                                 )   **MOTION FOR STAY OF JUDGEMENT**
13  Dba New Village Cafe                         )   **PENDING APPEAL TO DISTRICT COURT RE**
                                                 )   **CREDITOR LAND WILSON'S ANNULMENT OF**
14  Dba The Village Cafe, LLC,                   )   **AUTOMATIC STAY**
                                                 )
15              Debtor.                          )
                                                 )
16                                               )
                                                 )
17                                               )
                                                 )
18                                               )
                                                 )
19  _____         )
                                                 )
20

21      TO THE UNITED STATES BANKRUPTCY COURT, CREDITOR LAND WILSON, THE

22  CHAPTER 7 TRUSTEE, THE DISTRICT COURT, ALL OTHER INTERESTED PARTIES AND

23
    THEIR ATTORNEYS OF RECORD
24

25      Movant Edward Coughlin ("Movant") hereby moves the court for an order under bankruptcy

26  rules 7062 and 8005 for a stay of judgement pending appeal to the District Court.  Movant submits

27
    the following facts and arguments.
28

                                        – 1 –

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 1 of 92

## FACTUAL ALLEGATIONS IN SUPPORT OF MOTION

1.       Creditor Land Wilson filed a motion for annulment of and/or relief from the automatic stay. The motion was granted as to relief of stay but not as to annulment. Creditor Land Wilson then filed an additional motion for reconsideration and annulment after this first hearing, and in this case did receive the relief of annulment from an order dated 9/15/2019.

2.       At all relevant legal hearings in both state and bankruptcy case movant was forced to act in pro per due to very lack of current funds that precipitated the bankruptcy. While some legal mistakes may have been made during the pendency of the various proceedings related to both the unlawful detainer for the property at 70 Wilmot st, in San Francisco and in the various hearings held on the bankruptcy for the lifting of the stay and, later, the annulment, movant at all times made a true effort to correct the mistakes at the first juncture he was informed of them during hearings by officers of the court. Movant endeavored to find cost effective or free counsel he could afford but was unable to through no fault of his own. San Francisco law as of July 2019 provides for free attorneys in all unlawful detainer cases, however despite applying in a timely manner movant was unable to procure one. Additionally due to several complex factors in the bankruptcy including a dispute with a family member representing one of the creditors, multiple bankruptcy attorneys refused to provide flat fee services, and hourly services proved prohibitively expensive. Movant was thus forced to act in pro per not through negligence, but through necessity.

3.       Creditor Land Wilson's Counsel was shown all relevant documents including a stay of enforcement of judgement for possession in an unlawful detainer case at both hearings. Creditor Land Wilson's ("Creditor") counsel contends that movant misrepresented material facts in regards to

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 2 of 92

documents provided to counsel, but the record will show that all interpretations of the documents at hand were done entirely by the counsel of creditor. There was no misrepresentation of material fact, and even if there was it was the duty of counsel to assess documents provided and not take legal findings from a debtor appearing in pro per with no legal training.

4. Mistakes made by creditor counsel were falsely represented as misstatements of debtor and these mistakes were used as the basis for a new trial. At this trial there was a finding of not only a relief from stay, which is a remedy acceptable to and agreed to by movant, but of a need for the much more extreme remedy of retroactive annulment of the stay. This annulment is what is currently being appealed to the district court.

5. On 7/31 a case management conference occurred during which debtor, again appearing in pro per after not being provided with counsel despite a city law guaranteeing counsel for indigent defendants, appeared and represented to the clerk that there was a filing of bankruptcy on the same day as the conference, thus making discussions of settlement moot until the resolution of the bankruptcy. Counsel of creditor overheard this, and asked for a discussion out in the hall. During this discussion several threats were made regarding the trial the following Monday, but movant repeatedly informed creditor's counsel that the case was now moot due to a filing of bankruptcy that same day. Counsel of creditor in briefs regarding the motion for annulment claims he didn't believe movant when he said that there was a bankruptcy which took effect that day, he makes a claim he believed that movant was lying, but movant gave counsel no reason to believe he was untrustworthy and in fact produced the bankruptcy action as filed in its entirety for creditors counsel to see. Unless creditor's counsel believes movant created an entire 80 page bankruptcy filing, at great expense in time and effort considering this filing was created in pro per, as part of some elaborate clever ruse

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 3 of 92

which is an accusation that strains credulity, it is clear creditor's counsel willfully ignored this

information about the bankruptcy filing in order to constructively deny movant his right to a jury

trial. This bankruptcy filing was not done to frustrate creditor Wilson, as evidenced by the receipt of

a full discharge after the meeting of creditors for over 400,000 dollars, of which this rental

disagreement is only a small part with the majority being unrelated business expenses for the

restaurant of movant.

     6. Creditor's counsel claims that the official notice should have been provided in addition to

the informal oral notice, and the formal written notice sent out soon after the filing of bankruptcy by

the court to creditor's address, as if both of those in totality were not sufficient. Those notices were

both provided in a timely manner and the letter was sent out by the bankruptcy court as part of

standard practice. Creditor claims that he didn't check his mail for a long period of time and thus

was not aware of the letter regarding the filing, which, even if true, should not prejudice the court

against recognizing that timely notice was given. The settlement conference was on monday 9/4/19

and the letter was sent out by 9/1/19 at the latest, providing plenty of time for it to arrive before trial.

It is the assertion of movant that creditor Willson willfully ignored this notice to continue to work to

deprive movant of his rights under both federal and California law.

     7. Creditor received relief from the automatic stay, which would provide creditor Wilson with

the opportunity to advance his claim through the proper system of review leading to the jury trial

movant had been entitled to before filing bankruptcy. Given movant filed bankruptcy before trial, the

correct remedy would be to declare the judgement which was received in the absence of movant, who

believed that multiple forms of notice were sufficient to inform creditor of his legal duty to respect

the automatic stay. Movant is the owner of a small business and each day movant is required to be in

Case: 19-30814   Doc# 31   Filed: 09/25/19   Entered: 09/25/19 16:25:22   Page 4 of 92

court requires the closure of this business, thus while movant could have gone to court, he had a sincere belief that he had made his appearance at court moot. In fact, in Re Swartz (954 F.2d 569 (9th Cir. 1992)) the 9th circuit finds that any violation of the automatic stay is not merely voidable, but void. This reading of the case led movant to believe that even if there was a trial, the trial would have no effect since even if creditor concocted a likely false story that resulted in him claiming not to have sufficient information to know a bankruptcy existed; movant believed the fact it did exist regardless of that belief would be determinative.

8. It is possible that there may be complex legal arguments which make a void action later enforceable such as the annulment in question here, however movant did not have sufficient legal knowledge to understand the exceptions to this rule and relied upon what seemed to be clearly meant by the decision being void, which in this case means "of no force and effect". This appears to mean that it's like the trial never happened, which would of course entitle movant to a new trial once the stay was lifted. This provision of a new trial is all that is sought by movant so that he can raise several meritorious claims against creditor including constructive eviction, failure to maintain premises, harassment, failure to accept payment in the manner it had been previously provided without incident and failure to pay relocation expenses due under San Francisco rental law for eviction. None of these claims can be made without a jury trial, which denies movant's most basic rights under the constitution.

9. The 7th amendment guarantee of a right to a civil case trial by jury, a fundamental right also present in the California Constitution has been constructively denied in this case with the enactment of annulment. Because a judgement without trial was received after the filing of bankruptcy, but before creditor Wilson simply filed a motion to lift the stay, movant is left with no ability to pursue

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 5 of 92

equitable justice or raise meritorious claims in the proper venue. Movant simply asks that he be given his constitutionally guaranteed day in court to resolve this matter. Creditor seems determined to deny movant this day in court, most likely because he realizes these claims do have merit and seeks to deny movant his ability to raise them. In the same amount of time creditor used to request an annulment and new trial, creditor could have simply accepted the judgement as void, and asked the court to set a new date for trial as was agreed to by both parties after the first trial lifting the stay. That instead of adjudicating this properly, creditor has used his significantly higher resources as a millionaire San Francisco landlord to legally bully currently indigent movant into relinquishing his most basic rights.

10. This stay is necessary to avoid movant being denied the appeal if it is found to be moot. If the annulment is used to activate the judgment without trial and constructively evict movant, there will be no property in question and thus movant will further be denied his most basic right to a trial. Additionally movant will be rendered immediately homeless, and adding more to the homeless population simply because a landlord can pay for multiple lawyers and overwhelm movant with complex motions. These were legal maneuvers movant had significant difficulty navigating. Movant only wishes to secure his basic right to a day in court in front of a jury, and these complex maneuvers have served to frustrate movants ability to do so artificially.

11. Movant warrants there was no attempt to perpetuate fraud or simply cause undue delay to maintain possession. Movant simply has taken moves as movant is best able to secure a day in court where this dispute may be fairly adjudicated by a jury of movant's peers. Creditor could have simply agreed to this, and after the first bankruptcy court motion for lifting of the automatic stay both parties agreed in principle appropriate relief had been granted, so movant began preparing to void the

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 6 of 92

judgement received at a trial movant was justifiably ignorant of, given the above facts. Movant was quite surprised that a new hearing in bankruptcy court was granted with the sole purpose of denying movant his constitutional right to a jury trial.

12. Creditor had no reason to push further from a relief from stay, which had been granted, to annulment other than to quite simply frustrate movant's ability to have a chance to procure justice in state court. Movant requests court provide this stay so movant may have the ability to appeal this annulment without movant's appeal being rendered moot. Movant prays for this relief in order to overturn the annulment, and then utilize the stay to vacate the currently existing judgement gained through bad faith by creditor and creditor's counsel.

12. This bad faith is best illustrated by the way creditor continued to violate the stay well after receiving notice including pursuing a writ of possession 8/12/2019 almost two weeks after the filing of bankruptcy, and not actually pulling the writ of possession until 8/19/2019. Movant received a temporary stay due to this writ of possession, and the monies deposited with the court have yet to be returned even though they were clearly received in violation of the automatic stay. Additionally even though the order lifting the automatic stay was not entered until 9/3/19 Creditor Counsel called movant on 8/29/19 to inform movant of an ex party action on 8/30/19 in violation of the automatic stay which was still in place, additionally in this call counsel demanded possession, made threats and discussed other issues which would clearly be covered by the automatic stay. Additionally creditor and creditor's counsel appeared in state court on 8/30/19 in violation of the automatic stay forcing movant to make an additional appearance. This motion was rejected in full by the state court because the automatic stay was in place, but the request should not have been made in the first place. Creditor's claim they were insufficiently informed of the automatic stay should be taken with caution

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 7 of 92

considering that even when quite clearly informed, creditor continued to violate the stay multiple

times with impunity at great expense to movant in time and effort.

13. The interests of justice are almost certainly better served by allowing movant his

constitutionally provided day in civil court than allow for creditor to continue to use his superior

resources to frustrate this effort. Movant has many meritorious issues which pertain to the value of

the bankruptcy estate, including any relocation fees due and the status of the thousands of dollars in

security deposit funds, and simply wishes for these issues to be settled in state court, rather than

artificially discharged by retroactively justifying the unjust actions of creditor. Even that issue of

whether the actions were just or unjust is best handled by the state court, with the automatic stay

lifted rather than annulled to avoid rendering movant's meritorious objections to the validity of the

first trial retroactively moot without any recourse for movant other than the appeal referenced herein.

## **REQUEST FOR JUDICIAL NOTICE**

14. Movant requests the court to take judicial notice of the following which are records of this

court and/or a court of this state:

a.     Petition, July 31, 2019, <u>In re Edward Cornelius Coughlin</u> No. 19-30814, motion for

relief from stay which includes the rental agreement, original unlawful detainer complaint, the timely

filed answer with request for a jury trial, the judgement for possession date 8/5/19 and the writ of

possession dated 8/12/19.

b.     Order after Ex Parte Hearing, August 27, 2019

c.     <u>Recording of Hearing,</u> August 29, 2019, <u>In re Edward Cornelius Coughlin</u> No.

19-30814, Motion for relief from stay

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 8 of 92

d. Recording of Hearing, September 12, 2019, In re Edward Cornelius Coughlin No. 19-30814, Motion for new trial and annulment

e. Ex Parte Application to allow enforcement of judgement August 30, 2019

f. Motion for new trial and reconsideration of annulment September 12, 2019, In re Edward Cornelius Coughlin No. 19-30814

g. Ex Parte Application to allow enforcement of judgement September 18, 2019

## MEMORANDUM OF POINTS AND AUTHORITIES

15. This motion is made pursuant to bankruptcy Rule 7062 and 8005, thus the motion for a stay is subject to a four prong test, movant contends this motion satisfies all requirements for securing a valid grant of a stay pending appeal.

(i)There are a number of arguments including constitutional challenges relating to the constructive denial of a trail by jury guaranteed by the US Constitution; the necessity of properly litigating multiple financial disputes between movant and creditor including those related to improper eviction, multiple deficiencies in habitability, refusal to return the security deposit and the monies provided for a stay of execution that should not have been necessary and more in the proper venue, which is in this instance a jury trial in state court; the willful violations of the automatic stay which invalidly denied movant of his rights under federal law along with other disputes, all meritorious, none of which can be addressed with an annulment in place.

(ii) the movant will suffer irreparable harm if movant loses possession quickly as a result of the annulment before movant's claims can be adjudicated. Loss of possession is a bell that cannot typically be unrung, thus if a stay is not received pending the appeal, the appeal is without a chance to be heard on the merits, moot well in advance of a decision.

Case: 19-30814    Doc# 31    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 9 of 92

(iii) the harm to movant is greater than the harm to creditor in that the movant will be constructively denied over 10,000 in potential damages, the ability to have a trial before a jury, the ability to participate in movant's own defense and the ability to have movant's counter claims weighted on the merits. All creditor loses is the ability to deny movant those things, and possession for a short period of time. Movant is more than willing to have a trial quickly to get this resolved making any significant delay unnecessary in the case of a return to the lifting of the stay rather than annulment of the stay, so in many ways creditors continued insistence on denying movant his day in court is a primary source of the multiple delays currently present in the proper adjudication of this dispute.

(iv) the public interest of having those moved against in civil court able to properly offer a defense and not be denied their day in court by willful violations of federal law exceeds the public interest in allowing wanton violations of federal law, under the guise of supposed ignorance despite multiple additional instances of bad faith after ignorance was demonstrably absent, to not only avoid punishment, but to actually garner reward simply because one party can afford multiple lawyers and the other, the debtor, cannot. Bankruptcy is by design a forum, one of the few, in which those who find themselves in difficult circumstances may seek relief and be given a chance to reorder affairs such that success moving forward is possible. Prioritizing the creditor's rights to the virtual exclusion of the most basic rights of the debtor in bankruptcy due to the creditor's naturally much higher level of resources is contrary to the very point of bankruptcy as an alternative to older more pro creditor systems such as debtors prison and indentured servitude. The public interest would be served rather than adversely affected by the issuance of this stay and movant receiving his day in court as the founders of this country intended.

movant has standing under a doctrine adopted by the 9th circuit in In re Fondiller, 707 F.2d 441, 442 (9th Cir. 1983) which states that to have standing a person must be aggrieved, being a movant with financial rights directly effected.  In this instance by constructively denying movant the ability to pursue a jury trial the annulment is denying movant the ability to claim actual damages against creditor for failure to return funds received for a stay of execution motion, for the security deposit and for giving a constructive 60 day notice without relocation benefits or proper cause causing a violation of San Francisco rent ordinances.

The stay becomes vitally important in bankruptcy appeals because of the doctrine of mootness, such that loss of possession of the property and thus loss of the ability to file claims against creditor in court would deny movant the ability to have standing from financial interest.  As Fleeter Publishing v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005) states "if a controversy is moot, both the trial and appellate courts lack subject matter jurisdiction…and the concomitant 'power to declare law' by deciding the claims on the merits'.  A denial of stay would unfairly prejudice this matter against movant by constructively denying movant's day in court, both in this appeal and in state court with a jury trial as would be guaranteed once again if this appeal prevails.

### CONCLUSION

Based on the forgoing, the court should consider granting a stay of the annulment until such time as the appeal filed on 9/25/2019 is disposed of.  The court should consider movant's basic right to have his case heard by a jury regardless of mistakes made on both sides, such that a final resolution to this matter may be found in state court as is proper.

DATED: September 25, 2019                    Edward Coughlin, movant in pro per

_____

- 11 -

## DECLARATION OF EDWARD COUGHLIN

I, Edward Coughlin, declare as follows.

1.     I am over the age of 18 years and am a party to this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.     I am a tenant residing at **70 Wilmot St, San Francisco CA 94115**. I have resided at this address since **1/1/2018**.

3.     When I was served by plaintiff, I duly responded in a timely matter. I declared bankruptcy on 7/31/2019 during the duration of the 1:30-4:30 settlement conference held on 7/31/2019 at 400 McAllister, San Francisco in department 501. At this settlement conference I informed both the clerk of the court and the plaintiff's attorney in explicit terms about my bankruptcy filing. I believed the matter to be set aside pending the bankruptcy and made no further appearances. I informed creditor's counsel of the bankruptcy before filing and showed him all relevant documents, but he failed to remain until the end of the conference duration and I was unable to serve him with the proof of bankruptcy filed.

4.     Having no legal background I believed that having told him I was going to file, and attempting to find him after filing while I expected creditor and creditor's counsel to remain, was sufficient notice. Additionally the bankruptcy court provided proper notice through mail and several creditors responded as soon as 8/1/19 when Synchrony Bank asked to be added to the matter, showing that notice before the trial

- 12 -

on 8/5/19 by mail was not only possible, but likely despite claims by creditor and creditors counsel.

4.    The trial despite the automatic stay was just one of many actions taken all the way through 8/30/19 well after notice had demonstrably been received showing a near total disregard for the very concept of the automatic stay.

5.    I have an automatic stay from my bankruptcy case filed at the federal courthouse in San Francisco at 450 Golden Gate Ave. The bankruptcy is a Chapter 7, with BK No. 19-30814

6.    I filed a notice of appeal in regards to the annulment of the automatic stay heard on 9/12/2019 and executed on 9/16/2019

7.    This notice of appeal was less than 10 days after the execution of the annulment, and was thus timely.

8.    I respectfully request the court provide a stay pending the result of this appeal such that I may have the chance to contest the annulment allowing me to reinstate the automatic stay as of 8/5/19, set aside the judgement received in error, and contest the eviction in court properly through a jury trial as soon as practicable on the merits.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on 9/25,2019 at 450 Golden Gate, San Francisco, California 94102

Edward Coughlin

- 13 -

# Exhibits

# a ~ 9

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

In re:       )
EDWARD CORNELIUS COUGHLIN, )
dba New Village Café    )  Bankruptcy No.: 19-30814 DM7
dba The Village Café, LLC   )  R.S. No.:
          )  Hearing Date: August 29, 2019
          )  Time: 11:00 a.m.
Debtor(s)      )
          )

### Relief From Stay Cover Sheet

Instructions: Complete caption and Section A for all motions. Complete Section B for mobile homes, motor vehicles, and personal property. Complete Section C for real property. Utilize Section C as necessary. If moving party is not a secured creditor, briefly summarize the nature of the motion in Section D.

(A) Date Petition Filed:  7/31/19      7   Chapter:
   Prior hearings on this obligation: None  11/4/19  Last Day to File §523/§727 Complaints:

(B) Description of personal property collateral (e.g. 1983 Ford Taurus):

   Secured Creditor [ ] or lessor [ ]
   Fair market value: $_____   Source of value:_____
   Contract Balance: $_____   Pre-Petition Default: $_____
   Monthly Payment: $_____   No. of months:_____
   Insurance Advance: $_____   Post-Petition Default: $_____
                  No. of months:_____

(C) Description of real property collateral (e.g. Single family residence, Oakland, CA):

   Fair market value: $_____  Source of value:_____  If appraisal, date:_____

   Moving Party's position (first trust deed, second, abstract, etc.):

   Approx. Bal.  $_____   Pre-Petition Default: $_____
   As of (date):         No. of months:_____
   Mo. payment:  $_____   Post-Petition Default: $_____
   Notice of Default (date):_____  No. of months:_____
   Notice of Trustee's Sale:_____  Advances Senior Liens: $_____

   Specify name and status of other liens and encumbrances, if known (e.g. trust deeds, tax liens, etc.):

| Position | Amount | Mo. Payment | Defaults |
|---|---|---|---|
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ |
| (Total) | $_____ | $_____ | $_____ |

(D) Other pertinent information: **MOVANT IS OWNER AND HOLDS AN EVICTION JUDGEMENT. NO OWNERSHIP BY DEBTOR. MOVANT SEEKS RELIEF AND ANNULMENT FOR AN EVICTION.**

Dated: 8/15/19     /s /Mark J. Romeo
           Signature
           Mark J. Romeo
           Print or Type Name

     Attorney for Movant_____

CANB Documents Northern District of California

1  MARK J. ROMEO (Bar # 112002)
   LAW OFFICES OF MARK J. ROMEO
2  235 Montgomery Street, Suite 400
   San Francisco, CA 94104
3  Telephone:  (415) 395-9315
   Facsimile:    (415) 288 9755
4  romeolaw@msn.com

5  Attorneys for Land Wilson

6              UNITED STATES BANKRUPTCY COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8

9  In re EDWARD CORNELIUS COUGHLIN  )    Bk. No. 19-30814 DM7
   dba New Village Café              )    Chapter 7
10 dba The Village Café, LLC         )
                                     )    NOTICE OF MOTION FOR
11              Debtor.              )    ANNULMENT AND/OR RELIEF
                                     )    FROM STAY
12                                   )
                                     )    Date:  August 29, 2019
13                                   )    Time:  11:00 a.m.
                                     )    Court: Judge Montali
14                                   )           US Bank. Court
                                     )           450 Golden Gate Ave.
15                                   )           Courtroom 17, 16th Floor
                                     )           San Francisco CA 94102
16                                   )
                                     )    [Residential Eviction-70 Wilmot St
17                                   )    San Francisco, CA 94115]

18 TO THE UNITED STATES BANKRUPTCY COURT, THE DEBTOR, THE CHAPTER 7
19 TRUSTEE, ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF
   RECORD:
20      NOTICE IS HEREBY GIVEN THAT on **August 29, 2019, at 11:00 a.m.,** there will be

21 a hearing on the motion of Land Wilson ("Movant") for relief from and/or annulment of the

22 automatic stay in this case for the purpose of completing an eviction proceeding for residential

23 property located at 70 Wilmot Street, San Francisco, CA 94115 (the "Property"), and

24 recovering possession of the same from the Debtor; and disposing of any abandoned personal

25 property according to state law procedures. Movant will further request that the order of the

26 court be effective in this case, and in any conversion of this case to another chapter without

27 necessity of another motion; and that the Court waive the stay of Bankruptcy Rule 4001(a)(3) as

28

Case: 19-30814   Doc# 315   Filed: 09/25/19   Entered: 09/25/19 16:25:22   Page 16 of
92

1    to any order entered on the Motion.

2            This motion is made pursuant to 11 U.S.C. sections 362(d)(1) and (2) on the grounds

3    that cause exists for relief from and annulment of the automatic stay because Debtor has no

4    ownership nor equity in the Property because the Debtor is not the owner; the rental agreement

5    was terminated under state law; a judgement for possession and writ of possession were issued

6    in a state court eviction action in good faith and without notice of this case to Movant; neither

7    the Property nor its possession is claimed as an asset of the estate in this case so the Property is

8    not necessary to the liquidation of the Debtor; and relief will not affect Debtor's discharge.

9            The motion will be based upon evidence attached to the motion, the Declarations of

10   Land Wilson and Daniel Cheung, matters of which judicial notice may be taken, and such

11   further and other evidence presented at or prior to the hearing of the motion.

12           Copies of these papers may be obtained from the undersigned or may be inspected and

13   copied at the office of the Clerk of the Court, 450 Golden Gate Avenue, 18th Floor, San

14   Francisco CA 94102 and/or are available online at pacer.login.uscourts.gov.

15   TO THE DEBTOR: This is an attempt to collect a debt. Should you fail to appear and oppose

16   the motion, the relief prayed for may be granted.  This may include the resumption of

17   foreclosure or other proceedings against you, resulting in the involuntary sale, liquidation, or

18   repossession of your property.  If you file an opposition in writing with the clerk, you must also

19   serve it on the moving party or appear at the hearing personally or by counsel to oppose the

20   motion.

21   SCHEDULE FOR FILING NOTICE, PAPERS AND RESPONSES:

22   This motion is noticed for a Preliminary Hearing. It is required to be set and heard on not less

23   than 14 days' notice.  (Bankruptcy Local Rule 4001-1( c)). A respondent will not be required to,

24   but may, file responsive pleadings, points and authorities, and declarations for any preliminary

25   hearing.  (Bankruptcy Local Rule 4001-1(f)).

26   DATED: August 15, 2019              LAW OFFICES OF MARK J. ROMEO
                                         By /s/  Mark J. Romeo
27                                       MARK J. ROMEO

28

1   MARK J. ROMEO (Bar # 112002)
    LAW OFFICES OF MARK J. ROMEO
2   235 Montgomery Street, Suite 400
    San Francisco, CA 94104
3   Telephone: (415) 395-9315
    Facsimile:  (415) 288 9755
4   *romeolaw@msn.com*

5   Attorneys for Land Wilson

6                   UNITED STATES BANKRUPTCY COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9   In re EDWARD CORNELIUS COUGHLIN      )      Bk. No. 19-30814 DM7
    dba New Village Café                 )      Chapter 7
10  dba The Village Café, LLC            )
                                         )      **CERTIFICATE OF SERVICE ON**
11                                       )      **MOTION FOR ANNULMENT**
                    Debtor.              )      **AND/OR RELIEF FROM  STAY**
12                                       )
                                         )      Date:  August 29, 2019
13                                       )      Time:  11:00 a.m.
                                         )      Court: Judge Montali
14                                       )             US Bank. Court
                                         )             450 Golden Gate Ave.
15                                       )             Courtroom 17, 16th Floor
                                         )             San Francisco CA 94102
16                                       )
                                         )      [Residential Eviction-70 Wilmot St
17                                       )      San Francisco, CA 94115]

18  _____

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE ON MOTION FOR RELIEF FROM STAY - Page 1

Case 19-30814    Doc# 65-1    Filed: 09/15/19    Entered: 08/15/19 12:20:36    Page 1 of
Case 19-30814    Doc# 65-1    Filed: 09/25/19    Entered: 09/25/19 16:25:22    Page 18 of
92

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| |      I am employed in the City and County of San Francisco, California. I am over the age |
| 2 | of 18 years and not a party to the within action; my business address is 235 Montgomery Street, |
| | Suite 400, San Francisco, CA 94104. |
| 3 |      On  August 15  _____, 2019, I served the foregoing document(s) on the |
| | interested party(ies) in this action by placing \_\_\_ a true copy \_\_\_ the original of said |
| 4 | document(s) in a sealed envelope(s) addressed as stated below and |
| | **BY MAIL** |
| 5 |   X     I deposited such envelope(s) in the mail at San Francisco, California. |
| | \_\_\_     I am "readily familiar" with the office's practice of collection and processing |
| 6 | correspondence for mailing. Under that practice, the mail would be deposited with the U.S. |
| | postal service on that same day with postage thereon fully prepaid at San Francisco, California, |
| 7 | in the ordinary course of business. I am aware that on motion of the party served, service is |
| | presumed invalid if postal cancellation date or postage meter date is more than one day after |
| 8 | date of deposit for mailing in affidavit.**\* Exclusive of ECF Registrants-Served Via ECF** |
| | **BY PERSONAL SERVICE** |
| 9 | \_\_\_     Personally hand delivered said document(s) to addressee |
| |      I caused said document(s) to be served via personal service |
| 10 | **BY OVERNIGHT MESSENGER** |
| |      I caused said document(s) to be served by **Federal Express** for next-day delivery. |
| 11 | **BY FACSIMILE** |
| | \_\_\_     I faxed such document(s) to telephone number _____. A transaction report |
| 12 | confirming a successful transmission was obtained. |
| | **PARTY(IES) SERVED:** |
| 13 | **Debtor** |
| | Edward Cornelius Coughlin |
| 14 | 70 Wilmot St |
| | San Francisco, CA 94115 |
| 15 | |
| | **Debtor Atty (None)** |
| 16 | |
| | **Ch 7 Trustee** |
| 17 | E. Lynn Schoenmann |
| | 35 Miller Ave. #298 |
| 18 | Mill Valley, CA 94941-1903 |
| 19 | **U.S. Trustee** |
| | Office of the U.S. Trustee |
| 20 | 450 Golden Gate Ave. |
| | 5th Floor, #05-0 |
| 21 | San Francisco, CA 94102 |
| 22 | **Special Notice** |
| | Synchrony Bank c/o |
| 23 | PRA Receivables Management |
| | POB 41021 |
| 24 | Norfolk VA 23541 |
| 25 | **DOCUMENTS SERVED:** |
| | (1)    Not of Mot for Annulment of Stay |
| 26 | (2)    Mot for Annulment of Stay |
| | (3)    Dec of Wilson Mot for Annulment of Stay |
| 27 | (4)    Dec of Cheung Mot for Annulment of Stay |
| | (5)    RS Cover Sheet |
| 28 | |

1  (6)      Cert of Service Mot for Annulment of Stay

2  __X__   (Federal) Under penalty of perjury, I declare that I am employed in the office of a
member of the bar of this court at whose direction the service was made.
3       Executed on _August 15_____, 2019, at San Francisco, California.

4  Mark Romeo              /S/ *Mark Romeo*
    Type or Print Name           Signature

1  MARK J. ROMEO (Bar # 112002)
   LAW OFFICES OF MARK J. ROMEO
2  235 Montgomery Street, Suite 400
   San Francisco, CA 94104
3  Telephone: (415) 395-9315
   Facsimile:    (415) 288 9755
4  *romeolaw@msn.com*

5  Attorneys for Land Wilson

6                    UNITED STATES BANKRUPTCY COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9  In re                                        )   Bk. No. 19-30814 DM7
                                                )   Chapter 7
10 In re EDWARD CORNELIUS COUGHLIN               )
   dba New Village Cafe                          )   **MOTION FOR RELIEF FROM**
11 dba The Village Cafe, LLC                     )   **AND ANNULMENT OF**
                                                )   **AUTOMATIC STAY;**
12               Debtor.                          )   **SUPPORTING FACTS AND**
                                                )   **MEMORANDUM OF POINTS**
13                                               )   **AND AUTHORITIES**
                                                )
14                                               )   Date:   August 29, 2019
                                                )   Time:   11:00 a.m.
15                                               )   Court  Judge Montali
                                                )           US Bank. Court
16                                               )           450 Golden Gate, 16th Fl
                                                )           Courtroom 17
17                                               )           San Francisco, CA 94102
                                                )
18                                               )   [Residential Eviction-70 Wilmot St
                                                )   San Francisco, CA 94115]
19 _____             )

20

21 TO THE UNITED STATES BANKRUPTCY COURT, THE DEBTOR, THE CHAPTER 7
   TRUSTEE, ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF
22 RECORD:

23         1.      Creditor Wilson Land ("Movant") requests relief from and annulment of the

24 automatic stay in this case for the purpose of completing an eviction proceeding for residential

25 property located at 70 Wilmot Street, San Francisco, CA 94115 (the "Property"), a single

26 family dwelling, and recovering possession of the same from the Debtor; and disposing of any

27 abandoned personal property according to state law procedures. Movant will further request that

28

1  the order of the court be effective in this case, and in any conversion of this case to another

2  chapter without necessity of another motion; and that the Court waive the stay of Bankruptcy

3  Rule 4001(a)(3) as to any order entered on the Motion.

4          This motion is made pursuant to 11 U.S.C. sections 362(d)(1) and (2) on the grounds

5  that cause exists for relief from and annulment of the automatic stay because Debtor has no

6  ownership nor equity in the Property because the Debtor is not the owner; the rental agreement

7  was terminated under state law; a judgement for possession and writ of possession were issued

8  in a state court eviction action; neither the Property nor its possession is claimed as an asset of

9  the estate in this case so the Property is not necessary to the liquidation of the Debtor; and relief

10  will not affect Debtor's discharge.

11                **FACTUAL ALLEGATIONS IN SUPPORT OF MOTION**

12          2.      At all relevant times, Movant was an individual residing in Marin County,

13  California and one of the owners of the Property along with his spouse. (Declaration of Land

14  Wilson [hereafter "Wilson"], ¶¶ 1-2).

15          3.      Debtor commenced this proceeding under Chapter 7 of the Bankruptcy Code on

16  July 31, 2019.  According to the petition, Debtor is a single man. (Docket # 1, p. 6).

17          4.      On December 17, 2017, Movant and Anna Wilson leased the Property to the

18  Debtor for use as a residence under a written rental agreement. The rental agreement was for a

19  term of one year from January 1, 2018 to December 31, 2018. Thereafter, the lease was month

20  to month. (Wilson, ¶ 2 and Exhibit 1).

21          5.      On or about May 10, 2019, Debtor breached the rental agreement by failing to

22  pay the full rent due for that month. Debtor has not paid any rent for his residence since a

23  partial payment on May 10, 2019.  (Wilson, ¶ 3).  After Debtor had failed to pay rent for June

24  2019, Movant by his state court counsel commenced an action for eviction against the Debtor

25  based on non-payment of rent. Counsel for Movant commenced an unlawful detainer action in

26  San Francisco Superior Court on June 20, 2019 in the case of <u>Land Wilson v. Edward

27  Coughlin,</u>  San Francisco Superior Court No. CUD 19-665059 (the "Eviction Action").

28

(Wilson, ¶ 3 and Exhibit 2; Decl. of Daniel Cheung, [hereafter "Cheung"] ¶¶ 1-2 and Exh. 2).

6.    The Eviction Action was served and Debtor appeared in the action and filed an answer. (Cheung, ¶ 3 and Exhibit 3).

7.    The case was set for trial on Monday, August 5, 2019. Movant and counsel appeared for trial on August 5, 2019 but the Debtor did not appear. There was a court trial by the Court, resulting in judgment (the "Judgement") for Movant for possession and unlawful detainer damages. (Cheung, ¶ 4 and Exhibit 4).

8.    On August 7, 2019,  counsel's office prepared a writ of possession and Sheriff's Instructions pursuant to the Judgement. The papers could not be processed by the Clerk of the Superior Court that day because the Judgement had not appeared on the Superior Court's electronic Register of Actions, so counsel's runner was asked to resubmit within a day or tow which he did. (Cheung, ¶ 5). On August 12, 2019, acting on the papers previously submitted, the Clerk of the Superior Court issued a writ of possession for the Property (the "Writ") pursuant to the judgement. (Cheung, ¶ 6 and Exhibit 5).

9.    Debtor had filed this proceeding on July 31, 2019 before the day of trial but did not notify Movant or his counsel of this fact. (Wilson, ¶ 4-6; Cheung, ¶ 4, 8). After the hearing on August 5, 2019, Movant left the Bay Area on August 6, 2019 and did not return until the evening of Saturday, August 10, 2019. While the Movant was gone, he received information from a neighbor to the Property that it appeared that the Debtor was moving out of the Property that day. On the day of his return, Movant drove by the Property on the way to his own home, and it appeared to be empty. On return to his own home on August 11, 2019, Movant found the BNC Notice of Commencement of Chapter 7 Case (the "BNC Notice") in his mail at his home in San Rafael. On August 12, 2019, Movant forwarded a copy of the Notice to his counsel which came after the writ issued on the same date. (Wilson, ¶ 5-6; Cheung, ¶ 7). The BNC Notice of mailing shows that it was mailed on Saturday, August 3, 2019 to all parties in interest. In the case of Movant, it was sent to his home address, but he did not see it until his return from vacation. The BNC Notice was not served on counsel for Movant. (Docket # 11, p.

2). Thus, the trial, judgement and writ were all completed in ignorance of this case. (Wilson, ¶ 6; Cheung, ¶¶ 7-8).

10.    As of the date of this motion, the Debtor is in possession of the Property. The Debtor's and others' continued occupation of the Premises is without the permission or consent of the Movant. (Wilson, ¶ 7). While the occupants maintain possession without right, and shielded by the automatic stay, Movant has no control over the Property, cannot inspect or maintain it, nor ensure that the occupants are not committing waste or misuse of the Property. In fact, neighbors of the Property have complained to Movant that Debtor does not appear to be using a refuse service, because garbage and refuse are piled up in the bank yard, creating a health and safety nuisance for the Property and the neighborhood. (Wilson, ¶ 7).

11.    Based upon the foregoing, there is cause for annulment of and relief from the automatic stay in this case. The stay should be annulled for all purposes so as to allow Movant and/or assigns to recover possession of the Premises under the Judgement and Writ; and to hold and dispose of personal property abandoned on or in the Premises by the Debtor or others after eviction, if any.

12.    Movant requests annulment of and/or relief from the stay effective in this action, and any conversions to any other chapter of the United States Bankruptcy Code; and that the Court waive the stay of Bankruptcy Rule 4001(a)(3) as to any order entered on the Motion.

13.    The Relief From Stay Information Sheet is attached hereto and made a part hereof.

**Request for Judicial Notice**

14.    Movant requests the court to take judicial notice of the following:

a.    Exhibit 2: Complaint, Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059

b.    Exhibit 3, Answer of Defendant, Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059

c.    Exhibit 4, Judgement for Possession, August 5, 2019, Land Wilson v. Edward

1 | Coughlin, San Francisco Superior Court No. CUD 19-665059

2 |     d.     Exhibit 5, Writ of Possession, August 12, 2019, Land Wilson v. Edward

3 | Coughlin, San Francisco Superior Court No. CUD 19-665059

4 |     e.     Petition in this case, Docket # 1

5 |     f.     BNC Notice in this case, Docket # 11

6 |     g.     Debtor Schedule E/F in this case, Docket # 1, p. 31

7 | Copies of the state court pleadings are attached to the Motion as Exhibits 2 through 5 inclusive.

8 | Movant requests that the court take judicial notice of these matters, which are records of this

9 | Court or records of a court of this state.

10 | **MEMORANDUM OF POINTS AND AUTHORITIES**

11 |     15.     This motion is made pursuant to 11 U.S.C. sections 362(d)(1) and (2) on the

12 | grounds that cause exists for terminating the automatic stay because Debtor has no ownership

13 | nor equity in the Property because the Debtor is not an owner but a tenant, and his possession is

14 | dependent in a month to month lease on paying rent; the lease has been validly terminated

15 | according to state law; neither the Property nor its possession is claimed as an asset of the estate

16 | in this case so the Property is not necessary to the liquidation of the Debtor; and relief will not

17 | affect Debtor's discharge.

18 |     16.     Debtor's filing of this case is an ineffective attempt to protect mere possession

19 | so as to at least require a motion for relief from stay. There is no "equitable possessory" interest

20 | protected by the automatic stay where there is a judgement and a writ of possession has issued.

21 | (In re Perl (Eden Place LLC v. Perl) 811 Fed.3d 1120, 1130 (9th Cir. 2016)

22 |     17.     Movant requests annulment because the unlawful detainer proceedings

23 | since the filing of the case have been taken while Movant was unaware of this newly pending

24 | case. The stay may invalidate actions taken in violation of it, even those done in ignorance of

25 | the stay. (In re Schwartz 954 F2 569, 571 (9th Cir. 1992). However, bankruptcy courts have

26 | discretion to annul the automatic stay retroactively so as to validate past actions which would

27 | otherwise be void. (In re Schwartz supra, 954 F2d at 571-572; In re Jewett 146 B.R. 250, 252

28 |

1   (9th Cir. BAP 1992). In this case, Debtor knew well in advance of trial that he had filed this

2   case. He had filed an answer in the Eviction Action, so as a party to that case, he knew of the

3   trial date. He did nothing to alert the Movant or the Superior Court so as to avoid the expense of

4   preparing for a trial. (Cheung, ¶¶ 4, 8). The courts have held that in the context of stay

5   litigation, the debtor has an affirmative duty to inform a claimant of the stay. (Fleet Mortgage

6   Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999)("The debtor has the burden of providing the

7   creditor with actual notice."); Mitchell Constr. Co., Inc. v. Smith (In re Smith), 180 B.R. 311,

8   319 (Bk. N.D. Ga. 1995) ("It is a debtor's responsibility to make sure that creditors have

9   reasonable, actual notice of a pending bankruptcy case."); In re Flack, 239 B.R. 155, 163 (Bk.

10   SD Oh. 1999). In this case, Movant and counsel went forward in good faith and in ignorance of

11   the stay and at considerable expense to Movant, which will be wasted without annulment.

12   (Wilson, ¶ 6; Cheung, ¶¶ 4, 8). In exercising its discretion to annul the stay, the Court should

13   also note that the Debtor scheduled Movant as a liquidated, non-contingent and undisputed

14   claimant. (See Debtor's Schedule E/F, Docket # 1, p. 31). The court's order on this motion

15   should provide for annulment of the stay nunc pro tunc to the date this case was filed, July 31,

16   2019.

17   **CONCLUSION**

18       18.     Based upon the foregoing, the stay should be annulled so as to allow Movant

19   and/or assigns to take whatever steps and procedures are necessary to recover possession of the

20   Property under state law pursuant to the Judgement and the Writ. The order should apply to any

21   conversion to another chapter of the Code. Movant further requests that the order be effective

22   immediately, notwithstanding Bankruptcy Rule 4001(a)(3).

23   WHEREFORE, MOVANT PRAYS FOR RELIEF AS FOLLOWS:

24       1.     That the stay be annulled nunc pro tunc to July 31, 2019 and/or terminated
immediately so as to allow Movant and/or assigns to recover possession of **70 Wilmot Street,**

25   **San Francisco, California 94115** from the Debtor and to dispose of any abandoned personal
property pursuant to state law procedures;

26

27       2.     That the order be effective immediately, notwithstanding Bankruptcy Rule
4001(a)(3), in this action, and any conversions to any other chapter of the United States
Bankruptcy Code, including as to any co-debtors;

28

1   3.   For such further and other relief that the court deems proper.

2   DATED: August 15, 2019          LAW OFFICES OF MARK J. ROMEO

3                                   By /s/ *Mark J. Romeo*
                                    MARK J. ROMEO

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT LIST MOTION TO ANNUL STAY

Exhibit 1. Rental Agreement for 70 Wilmot Street, San Francisco dated December 17, 2017

Exhibit 2: Complaint, Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059

Exhibit 3, Answer of Defendant, Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059

Exhibit 4, Judgement for Possession, August 5, 2019, Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059

Exhibit 5, Writ of Possession, August 12, 2019, Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059

EXHIBIT 1

NCR No Carbon Required

# RESIDENTIAL LEASE-RENTAL AGREEMENT AND DEPOSIT RECEIPT

**AGENCY RELATIONSHIP CONFIRMATION.** The following agency relationship is hereby confirmed for this transaction and supersedes any prior agency election (If no agency relationship insert "NONE"):

LISTING AGENT: _____ is the agent of (check one):
*(Print Firm Name)*

☐ the Owner exclusively; or ☐ both the Tenant and the Owner.
*(Print Firm Name)*

LEASING AGENT: _____ (if not the same as the Listing Agent) is the agent of (check one):

☐ the Tenant exclusively; or ☐ the Owner exclusively; or ☐ both the Tenant and the Owner.

*Note: This confirmation DOES NOT take the place of the AGENCY DISCLOSURE form (such as P.P. Form 110.42 CAL) required by law if the term exceeds one year.*

RECEIVED FROM ___Edward Coughlin___, hereinafter referred to as Tenant, the sum of $ _5,925_ (_five thousand and nine hundred and twenty five_ dollars), evidenced by ___Check #249___ as a deposit. Upon acceptance of this Agreement, the Owner of the premises, will apply the deposit as follows:

|  | TOTAL | RECEIVED | BALANCE DUE PRIOR TO OCCUPANCY |
|---|---|---|---|
| Rent for the period from _1/1/18_ to _1/31/18_ | $ 3,950 | $ 3,950 | $ |
| Security deposit (not applicable toward last month's rent) | $ 1,975 | $ 1,975 | $ |
| Other ........................................ | $ | $ | $ |
| TOTAL | $ 5,925 | $ 3,925 | $ 0 |

In the event this Agreement is not accepted by the Owner within _5_ days, the total deposit received will be refunded.

Tenant offers to rent from the Owner the premises situated in the City of ___San Francisco___, County of ___San Francisco___, State of California, commonly known as ___70 Wilmot Street___

upon the following terms and conditions:

1. **TERM.** The term will commence on ___1/1/18___ and continue (check one of the two following alternatives):
   ☑ LEASE until _12/31/18_, for a total rent of $ _47,400_ (_forty seven thousand and four hundred_ dollars).
   ☐ RENTAL on a month-to-month basis, until either party terminates this Agreement by giving the other party 30 days written notice.

2. **RENT.** Rent will be $ _3,950_, per month, payable in advance, on the _1st_ day of each calendar month to Owner or his or her authorized agent, at the following address: ___8 River Oaks Road, San Rafael, CA 94901___ or at such other places as may be designated by Owner from time to time. In the event rent is not received by Owner in full **within** _3_ days after due date, Tenant agrees that it would be impracticable or extremely difficult to fix the actual damages to Owner caused by that failure, and Tenant agrees to pay a late charge of $ _50_. Tenant further agrees to pay $ _50_ for each dishonored bank check. All late fees and returned check fees will be considered additional rent. The late charge period is not a grace period, and Owner is entitled to make written demand for any rent if not paid when due and to collect interest thereon. Any unpaid balance including late charges, will bear interest at 10% per annum, or the maximum rate allowed by law, whichever is less.

3. **MULTIPLE OCCUPANCY.** It is expressly understood that this Agreement is between the Owner and each signatory jointly and severally. Each signatory will be responsible for timely payment of rent and performance of all other provisions of this Agreement.

4. **UTILITIES.** Tenant will be responsible for the payment of all utilities and services, except: _N/A_, which will be paid by Owner.

5. **USE.** The premises will be used exclusively as a residence for no more than _2_ persons. Guests staying more than a total of _20_ days in a calendar year without written consent of Owner will constitute a violation of this Agreement.

6. **ANIMALS.** No animals will be brought on the premises without the prior consent of the Owner; except _1 cat_.

7. **RULES AND REGULATIONS.** In the event that the premises is a portion of a building containing more than one unit, or is located in a common interest development, Tenant agrees to abide by all applicable rules, whether adopted before or after the date of this Agreement, including rules with respect to noise, odors, disposal of refuse, animals, parking, and use of common areas. Tenant will pay any penalties imposed by homeowners' association for violations by tenant or tenant's guests.

8. **ORDINANCES AND STATUTES.** Tenant will comply with all statutes, ordinances, and requirements of all municipal, state and federal authorities now in force, or which may later be in force, regarding the use of the premises. Tenant will not use the premises for any unlawful purpose including, but not limited to, using, storing or selling prohibited drugs. If the premises are located in a rent control area, the Tenant should contact the Rent and Arbitration Board for his or her legal rights.

9. **ASSIGNMENT AND SUBLETTING.** Tenant will not assign this Agreement or sublet any portion of the premises without prior written consent of the Owner.

10. **MAINTENANCE, REPAIRS, OR ALTERATIONS.** Tenant acknowledges that, unless the Owner is notified immediately upon occupancy, the premises, including the furniture, furnishings and appliances, are in good working order and repair. Tenant will keep the premises

Tenant (_EC_) (_JW_) has read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 1 of 3

FORM 105.1CAL (09-2000)    COPYRIGHT © 1994–2000 BY PROFESSIONAL PUBLISHING, 365 BEL MARIN KEYS BLVD., SUITE 100, NOVATO, CA 94949    (415) 884-2164

**PROFESSIONAL PUBLISHING**

EXHIBIT

in a clean and sanitary condition, and w          ately notify Owner of any damage to t          s or its contents, or any inoperable equipment or appliances. Tenant will surrender the premises, at termination, in as good condition as received, normal wear and tear excepted. Tenant will be responsible for any damage caused by Tenant or his or her family, invitees, and guests. Tenant will not commit any waste upon the premises, or any nuisance or act which may disturb the quiet enjoyment of any neighbors. Tenant will not paint, paper or otherwise redecorate or make alterations to the premises without the prior written consent of the Owner. Tenant will irrigate and maintain any surrounding grounds, including lawns and shrubbery, if they are for the Tenant's exclusive use. It is understood that Owner's insurance does not cover Tenant's personal property.

11. **INVENTORY.** Any furnishings and/or equipment to be furnished by Owner will be listed in a special inventory. The inventory will be signed by both Tenant and Owner concurrently with this Lease. Tenant will keep the furnishings and equipment in good condition and repair, and will be responsible for any damage to them other than normal wear and tear. Tenant acknowledges receipt of __2__ sets of keys, _____ garage door openers, other: _____

12. **DAMAGES TO PREMISES.** If the premises are damaged by fire or from any other cause which renders the premises untenantable, either party will have the right to terminate this Agreement as of the date on which the damage occurs. Written notice of termination will be given to the other party within fifteen (15) days after occurrence of such damage. Should such damage or destruction occur as the result of the negligence of Tenant, or his or her invitees, then only the Owner will have the right to terminate. Should this right be exercised by either Owner or Tenant, rent for the current month will be prorated between the parties as of the date the damage occurred. Any prepaid rent and unused security deposit will be refunded to Tenant. If this Agreement is not terminated, Owner will promptly repair the premises and there will be a proportionate reduction of rent until the premises are repaired and ready for Tenant's occupancy. The proportionate reduction will be based on the extent which repairs interfere with Tenant's reasonable use of the premises.

13. **ENTRY AND INSPECTION.** Owner and owners agents will have the right to enter the premises: (a) in case of emergency; (b) to make necessary or agreed repairs, decorations, alterations, improvements, supply necessary or agreed services, show the premises to prospective or actual buyers, lenders, tenants, workers, or contractors; (c) when tenant has abandoned or surrendered the premises. Except under (a) and (c), entry may be made only during normal business hours, and with at least 24 hours prior notice to Tenant.

14. **INDEMNIFICATION.** Owner will not be liable for any damage or injury to Tenant, or any other person, or to any property, occurring on the premises, or in common areas, unless such damage is the legal result of the negligence or willful misconduct of Owner, his or her agents, or employees. Tenant agrees to hold Owner harmless from any claims for damages, no matter how caused, except for injury or damages caused by negligence or willful misconduct of Owner, his or her agents or employees.

15. **PHYSICAL POSSESSION.** If Owner is unable to deliver possession of the premises at the commencement date set forth above, Owner will not be liable for any damage caused, nor will this Agreement be void or voidable, but Tenant will not be liable for any rent until possession is delivered. Tenant may terminate this Agreement if possession is not delivered within _5_ days of the commencement of the term in Item 1.

16. **DEFAULT.** If Tenant fails to pay rent when due, or perform any provision of this Agreement, after not less than three (3) days written notice of such default given in the manner required by law, the Owner, at his or her option, may terminate all rights of Tenant, unless Tenant, within said time, cures such default. If Tenant abandons or vacates the property while in default of the payment of rent, Owner may consider any property left on the premises to be abandoned and may dispose of the same in any manner allowed by law. In the event the Owner reasonably believes that such abandoned property has no value, it may be discarded. All property on the premises will be subject to a lien for the benefit of Owner securing the payment of all sums due, to the maximum extent allowed by law.

In the event of a default by Tenant, Owner may elect to: (a) continue the lease in effect and enforce all his rights and remedies, including the right to recover the rent as it becomes due, provided that Owner's consent to assignment or subletting by the Tenant will not be unreasonably withheld; or (b) at any time, terminate all of Tenant's rights and recover from Tenant all damages he or she may incur by reason of the breach of the lease, including the cost of recovering the premises, and including the worth at the time of such termination, or at the time of an award if suit be instituted to enforce this provision, of the amount by which the unpaid rent for the balance of the term exceeds the amount of such rental loss which the Tenant proves could be reasonably avoided.

17. **SECURITY.** The security deposit will secure the performance of Tenant's obligations. Owner may, but will not be obligated to, apply all portions of said deposit on account of Tenant's obligations. Any balance remaining will be returned to Tenant, together with an accounting of any disbursements, no later than three weeks after termination or earlier if required by law. Tenant will not have the right to apply the security deposit in payment of the last month's rent. No interest will be paid to Tenant on account of the security deposit, unless required by local ordinance.

18. **WAIVER.** Failure of Owner to enforce any provision of this Agreement will not be deemed a waiver. The acceptance of rent by Owner will not waive his or her right to enforce any provision of this Agreement.

19. **NOTICES.** Unless otherwise provided, any notice which either party may give or is required to give, may be given personally or by mailing the same, postage prepaid, to Tenant at the premises or to Owner at the address shown in the signature block or at such other places as may be designated by the parties from time to time. Notice will be deemed effective five (5) days after mailing, or on personal delivery, or when receipt is acknowledged in writing.

20. **HOLDING OVER.** Any holding over after expiration of this Agreement, with the consent of Owner, will be a month-to-month tenancy at a monthly rent of $__1312__ payable in advance and otherwise subject to the terms of this Agreement, as applicable, until either party terminates the same by giving the other party thirty (30) days written notice.

Tenant [ _CC_ ][ _2W_ ] has read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

**PROFESSIONAL PUBLISHING**

Property Address _____ 7o Wilm_____reet_____

**21. TIME.** Time is of the essence of this Agreement.

**22. ATTORNEY'S FEES.** In any action or proceeding involving a dispute between Owner and Tenant arising out of this Agreement, the prevailing party will be entitled to reasonable attorney fees and any costs incurred.

**23. SUBROGATION.** To the maximum extent permitted by insurance policies which may be owned by the parties, Lessor and Lessee waive any and all rights of subrogation against each other which might otherwise exist.

**24. FAIR HOUSING.** Owner and Tenant understand that the state and federal housing laws prohibit discrimination in the sale, rental, appraisal, financing or advertising of housing on the basis of race, color, religion, sex, marital status, sexual orientation, national origin, ancestry, familial status, age, or disability.

**25. ADDITIONAL TERMS AND CONDITIONS.** _an annual increase of $100 dollars on the_ _1st of each January beginning on 1/1/19._ _____

**26.** ☐ This unit is subject to rent control and the agency responsible to adjudicate claims is: _____

**27. ENTIRE AGREEMENT.** The foregoing constitutes the entire agreement between the parties and may be modified only in writing signed by all parties. This Agreement and any modifications, including any photocopy or facsimile, may be signed in one or more counterparts, each of which will be deemed an original and all of which taken together will constitute one and the same instrument. The following exhibits, if checked, have been made a part of this Agreement before the parties' execution.
   ☐ Exhibit _A_ : Lead-Based Paint Disclosure (Required by Law for Rental Property Built Prior to 1978)
   ☐ Exhibit _B_ : _Standard Mild Disclosure_
        _C Addendum_

**NOTICE:** The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a data base of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The data base is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.

The Tenant hereby acknowledges receipt of a copy of this Agreement.

Tenant _____ Date _12/17/17_   Owner _Land Wilson_   Date _12/17/17_

Tenant _____ Date _____   Owner's Address _8 River Oaks Road_

Tenant's Address _1426 Polk St, SF CA 94__ San Rafael, CA 9490)

Tenant's Telephone _562 230 1489_   Owner's Telephone _415-307-3035_

Receipt for deposit acknowledged by _____ Date _____

## COMMISSION AGREEMENT ON LEASE

**NOTICE: The amount or rate of real estate commissions is not fixed by law. They are set by each broker individually and may be negotiable between the owner and broker.**

   The Owner agrees to pay to _____, the Broker in this transaction, compensation equal to $_____ for services rendered. Owner authorizes Broker to deduct said sum from the deposit received from Tenant.

   In the event the Lease is extended for a definite period of time or on a month-to-month basis after expiration of the original term, Owner will pay to Broker an additional commission of _____% of the total rental for the extended period. This commission will be due and payable at the commencement of the extended period if for a fixed term, or if on a month-to-month basis, at the termination of Tenant's occupancy or one year, whichever is earlier.

   In any action for commission, the prevailing party will be entitled to reasonable attorney fees.

Owner _____ Date _____

## COMMISSION AGREEMENT ON SALE

**NOTICE: The amount or rate of real estate commissions is not fixed by law. They are set by each broker individually and may be negotiable between the owner and broker.**

   If a sale or exchange of the real property subject to this lease is made to the Tenant or any member of Tenant's family during the term of the lease or any extension of the term, or within 180 days after termination of occupancy, Owner agrees to pay Broker named above a commission of _____% of the sale price or exchange value. This Agreement will not limit any other rights of the Broker provided for in any listing or other agreement which may be in effect between Owner and Broker.

   In any action for commission, the prevailing party will be entitled to reasonable attorney fees.

Owner _____ Date _____

| Rev. By |
| Date |

**CAUTION:** The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 3 of 3
FORM 105.3 CAL (09-2000)   COPYRIGHT © 1984-2000 BY PROFESSIONAL PUBLISHING, 365 BEL MARIN KEYS BLVD., SUITE 100, NOVATO, CA 94949   (415) 884-2164

**PROFESSIONAL PUBLISHING**

ADDENDUM TO RESIDENTIAL LEASE-RENTAL AGREEMENT AND DEPOSIT RECEIPT BY EDWARD COUGHLIN, TENANT(S) AND LAND WILSON, OWNER, FOR THE PROPERTY LOCATED AT 70 WILMOT STREET AT SAN FRANCISCO, CA 94115, LEASE INCEPTION DATE 12/17/17.

1. **RENTER'S INSURANCE:** Owner requires that Tenant obtain a renter's insurance policy to cover any loss of Tenant's personal property, and to protect Tenant from liability caused by their negligence.

2. **SECURITY DEPOSIT INTEREST:** In compliance with Ordinance #29983 for the City and County of San Francisco and section 1950.5 of California Civil Code, Owner shall pay simple interest per year in accordance with rates set forth by the above mentioned Civil Code section.

3. **INVENTORY LIST:** Owner furnishes some furnishings & equipment and will provide a list.

4. **WOOD FLOORS CLAUSE:** Tenant acknowledges that the wood floors are in good condition, unless otherwise noted, prior to occupancy. Tenant agrees to deliver the hardwood floors in the same condition at the expiration of the occupancy except for normal ear and tear. Tenant also agrees to carpet 50% of the hardwood floors for the purpose of protection of the hardwood floors.

5. **THIRTY DAY NOTICE CLAUSE:** Tenant shall submit written notice ot the Owner of the property within thirty days of the expiration of the lease-rental agreement notifying the Owner of their intent to vacate the property at the cessation of the lease-rental agreement, or to continue tenancy on a month-to-month basis as described under item #21 of the lease-rental agreement.

6. **INSPECTION OF PREMISES:** It is highly recommended that Tenant thoroughly inspect the premises within the first two weeks of occupancy for any defects, blemishes, etc. It is the Tenant's responsibility to identify, photograph and have Owner's written acknowledgement of said conditions. This shall eliminate any questions of the condition of premises at termination of occupancy.

7. **CLEANING SERVICE AGREEMENT:** Tenant agrees to pay for a cleaning service to come no less than once every two months if no pet(s) present or once each month if pet(s) present. Tenant also agrees to pay for a cleaning service after move out and agrees to return entire dwelling in the same clean condition as when Tenant took occupancy. All appliances and bathroom fixtures must be cleaned thoroughly.

8. **USE OF EXISTING SHOWER CURTAIN LINER:** Tenant agrees to make use of existing shower curtain liner in the position set by Owner. Improper use of a shower curtain with a claw foot tub can result in water damage to outside bath/shower areas. Tenant is responsible for repair of water damage to surrounding bath/shower areas as a result of improper use of shower curtain.

9. **CALIFORNIA LAW REQUIRES:** A copy of "Protect Your Family From Lead In Your Home" booklet for any new lease agreement starting after October 28, 1995. Tenant acknowledges receipt on this disclosure and shall return signed acknowledgment form.

10. **MOLD ADDENDUM:** Tenant acknowledges receipt of "Addendum Regarding Mold Contamination and Agreement to Maintain Premises and shall return signed acknowledgment form.

| | | | |
|---|---|---|---|
| _(signature)_ | 12/17/17 | _(signature)_ | 12/17/17 |
| TENANT | DATE | LAND WILSON (OWNER) | DATE |

# DISCLOSURE AND INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS

## (Required by Law for Rental or Lease of Property Built Prior to 1978)

This disclosure statement concerns the real property situated in the City of _San Francisco_
County of _San Francisco_ State of _CA_, described as
_70 Wilmot Street_

---

### LEAD WARNING STATEMENT

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, landlords must disclose the presence of known lead-based paint and lead-based paint hazards in the dwelling. Tenants must also receive a Federally approved pamphlet on lead poisoning prevention.

---

**LESSOR'S DISCLOSURE (initial [a] and [b])**

[ _LW_ ]  (a)  Presence of lead-based paint and/or lead-based paint hazards (check one below):

Check one
- [ ] Known lead-based paint and/or lead-based paint hazards are present in the housing (explain). _Built in 1870's. Lead-based paint is likely under siding, trim, and wainscoting areas._
- [✓] Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

[ _LW_ ]  (b)  Records and reports available to the lessor (check one below):

Check one
- [ ] Lessor has provided the lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).
- [✓] Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.

**LESSEE'S ACKNOWLEDGMENT (initial [c] and [d])**

[ _ECG_ ]  (c)  Lessee has received copies of all information listed above.

[ _ECG_ ]  (d)  Lessee has received the pamphlet *Protect Your Family from Lead in Your Home*, or other approved pamphlet.

**LISTING AGENT'S ACKNOWLEDGMENT (initial)**

[ _____ ]  (e)  Agent representing the lessor has informed the lessor of the lessor's obligations under 42 U.S.C. 4852d and is aware of his or her responsibility to ensure compliance.

**CERTIFICATION OF ACCURACY**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| | | | |
|---|---|---|---|
| _Land Wilson_ | _12/17/17_ | _Edward Coughlin_ | _12/17/17_ |
| Lessor | Date | Lessee | Date |
| | | | |
| Lessor | Date | Lessee | Date |
| | | | |
| Broker | Date | Broker | Date |
| | | | |
| By (Agent) | | By (Agent) | |

Rev. by _____
Date _____

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 110.84 (6-97)   COPYRIGHT © 1995-97 BY PROFESSIONAL PUBLISHING, 365 BEL MARIN KEYS BLVD., SUITE 100, NOVATO, CA 94949  (415) 884-2164

**PROFESSIONAL PUBLISHING**

# ADDENDUM REGARDING MOLD CONTAMINATION
## AND AGREEMENT TO MAINTAIN PREMISES

This Addendum is to the Residential Lease-Rental Agreement between _____Land Wilson_____
Owner, and _____Edward Coughlin_____, Tenant, concerning property commonly known as
_____70 Wilmot Street_____
_____San Francisco, CA 94115_____

## MOLD WARNING STATEMENT

Persons exposed to extensive mold contamination can develop allergies to the mold or other health problems. Mold growth can also damage furnishings and structural elements of a home. While symptoms in most persons may occur only when exposure levels are high, in all cases indoor mold growth is unsanitary and undesirable. It is important that Tenant properly maintain the premises, take reasonable steps to prevent any mold spores from growing or becoming airborne, and promptly notify the Owner of any problems.

In addition to the provisions regarding maintenance contained in the Lease-Rental Agreement referred to above, Tenant agrees to take all reasonable steps to actively prevent mold or mildew infestation in the premises including, but not limited to the following:

1. Immediately notifying Owner of any water intrusion such as leaking or sweating plumbing, or overflows from bathroom or laundry equipment;

2. Promptly reporting to Owner the presence of any other leaks, moisture intrusion or mold growth;

3. Using exhaust fans or open windows in the bathroom when showering or bathing, and in the kitchen when cooking;

4. Promptly cleaning and drying any visible moisture on windows, walls, or other surfaces so as to prevent mold growth;

5. Keeping the premises free of dirt and debris;

6. Allowing adequate space between furniture and walls to permit ventilation; and

7. Leaving room in the storage area under bathroom and kitchen sinks for adequate ventilation.

8. Promptly notifying Owner of any problems with air conditioning or heating systems.

Tenant agrees to hold Owner harmless from any claims for damages, including attorney fees and costs, that may be incurred by Owner as a result of the lack of reasonable care on the part of Tenant or any other occupant of the premises in preventing or promptly reporting any mold or mildew infestation in the premises.

This Addendum, upon its execution by both parties, is made a part of the above Lease-Rental Agreement.

Tenant_____     Date _12/17/17_

Tenant_____     Date _____

Owner_____     Date _12/17/17_

| Rev. by |
| Date |

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 105-M (04-2004)  COPYRIGHT © 2004 BY PROFESSIONAL PUBLISHING  (415) 884-2164
Form generated by: TrueForms™ from REVEAL© SYSTEMS, Inc. 800-499-9612

**PROFESSIONAL PUBLISHING**

EXHIBIT 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Daniel Cheung (SBN 264971)
Bornstein Law
507 Polk Street, Suite 310
San Francisco, CA 94102
TELEPHONE NO.: 415-409-7611          FAX NO.(Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Land Wilson

FOR COURT USE ONLY

ENDORSED
FILED
San Francisco County Superior Court

JUN 20 2019

CLERK OF THE COURT
KALENE APOLONIO
BY: _____
Deputy Clerk

CUD-19-665059

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF: Land Wilson

DEFENDANT: Edward Coughlin

[X] DOES 1 TO 10, Inclusive

| COMPLAINT - UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number): | |

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded  [X] does not exceed $10,000
                 [ ] exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
    [ ] from unlawful detainer to general limited civil (possession not in issue)     [ ] from unlimited to limited

1. PLAINTIFF (name each): Land Wilson

alleges causes of action against DEFENDANT (name each):
Edward Coughlin

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
                    (2) [ ] a public agency.                          (5) [ ] a corporation.
                    (3) [ ] other (specify):

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
70 Wilmot Street
San Francisco          CA          94115
San Francisco

4. Plaintiff's interest in the premises is  [X] as owner   [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): on or before 5/1/19  defendant (name each):
   Edward Coughlin

   (1) agreed to rent the premises as a  [X] month-to-month tenancy  [ ] other tenancy (specify):
   (2) agreed to pay rent of $  3950.00 payable  [X] monthly  [ ] other (specify frequency):
   (3) agreed to pay rent on the  [X] first of the month  [ ] other day (specify):
   b. This  [X] written  [ ] oral  agreement was made with
   (1) [X] plaintiff.                  (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.          (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).                      Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 (Rev. July 1, 2005)

CEB® Essential Forms
ceb.com

COMPLAINT - UNLAWFUL DETAINER

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

EXHIBIT 2

| PLAINTIFF (Name): Land Wilson | CASE NUMBER: |
|---|---|
| DEFENDANT (Name) Edward Coughlin | |

6. c. ☒ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☒ other (specify):    Unknown
  d. ☐ The agreement was later changed as follows (specify):

  e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
      and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
  f. ☒ (For residential property) A copy of the written agreement is not attached because (specify reason):
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): Edward Coughlin

     was served the following notice on the same date and in the same manner:
    (1) ☒ 3-day notice to pay rent or quit    (4) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit    (5) ☐ 3-day notice to quit
    (3) ☐ 60-day notice to quit    (6) ☐ Other (specify):
  b. (1) On (date): 6/17/19       the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc.,
      § 1166.)
  f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different
      manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required
      by items 7a-e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐ by personally handing a copy to defendant on (date):
    (2) ☐ by leaving a copy with (name or description):
       a person of suitable age and discretion, on (date):      at defendant's
       ☐ residence  ☐ business AND mailing a copy to defendant at defendant's place of residence on
       (date):      because defendant cannot be found at defendant's residence or usual
       place of business.
    (3) ☒ by posting a copy on the premises on (date): 6/14/19 ~~AND giving a copy to a~~
       ~~person found residing at the premises~~ AND mailing a copy to defendant at the premises on
       (date): 6/14/19
         (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
         (b) ☒ because no person of suitable age or discretion can be found there.
    (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered
       mail addressed to defendant on (date):
    (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written
       commercial lease between the parties.
  b. ☐ (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): Land Wilson | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): Edward Coughlin | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 6100.00

11. ☒ The fair rental value of the premises is $ 131.66 per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☒ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*: City & County of San Francisco: Residential Rent Stabilization & Arbitration Ordinance, Chapter 37 of the San Francisco Administrative Code (File #188-79; Ord. #276-79); Adopted: 6/13/79, and as amended.

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. PLAINTIFF REQUESTS
a. possession of the premises.
b. costs incurred in this proceeding.
c. ☒ past-due rent of $ 6100.00
d. ☒ reasonable attorney fees.
e. ☒ forfeiture of the agreement.
f. ☒ damages at the rate stated in item 11 from *(date)*: 7/1/19 for each day that defendants remain in possession through entry of judgment.
g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
h. ☒ other *(specify)*: such other and further relief as the court deems just and proper.

18. ☒ Number of pages attached *(specify)*: 5

## UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400-6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone No.:
d. County of registration:
e. Registration No.:
f. Expires on *(date)*:

Date: 6/19/19

Daniel Cheung (SBN 264971)
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

# 3 DAY NOTICE TO PAY RENT OR QUIT

TO: Edward Coughlin, Does 1 to 20, and all other occupant(s) claiming the right to possession of the following premises:

<u>70 Wilmot Street</u>
City and County of San Francisco, State of California;
including all garage(s), storage and common areas.

PLEASE TAKE NOTICE that the rent is now due and payable on the above-described premises which you currently hold and occupy. The rental account is delinquent in the amount itemized as follows:

Rental Period:     May, 2019 – June, 2019. **Total Balance Due:   $6,100.00**

NOTICE IS HEREBY GIVEN THAT you are required within three (3) days of service of this notice upon you to pay the TOTAL BALANCE DUE or to remove from and deliver up possession of the above-described premises to the landlord's duly authorized agent: Daniel Cheung, Bornstein Law, 507 Polk Street, Ste. 310, San Francisco, CA 94102; Telephone: (415) 409-7611, who is authorized to receive said TOTAL BALANCE DUE at said address, or if you fail to do either, the undersigned will commence legal proceedings against you in that you have failed to pay the rent to which the landlord is lawfully entitled pursuant to the rental or lease agreement under which you hold possession of the above-described premises.

The undersigned will bring said legal proceedings against you to (1) recover possession of the above-described premises; (2) declare the forfeiture of the lease or rental agreement under which you occupy the above-described premises; (3) recover rents demanded herein, which rent is due for the periods covered by this notice; and (4) recover damages for each day that you occupy the above-described premises after the periods covered by this notice, together with court costs and attorney's fees, according to the terms of your lease or rental agreement and/or as permitted by law.

Performance of the covenant or possession of the premises is sought pursuant to CCP §1161(2): there has been a default in the payment of rent, pursuant to the lease or agreement under which the property is held. Performance of the covenant or possession of the premises is sought pursuant to San Francisco Administrative Code §37.9(a)(1)(A): the tenant has failed to pay the rent to which the landlord is lawfully entitled under the oral or written agreement between the tenant and landlord, except that a tenant's nonpayment of a charge prohibited by Section 919.1 of the Police Code shall not constitute a failure to pay rent. This is landlord's dominant motive for recovery of possession of the premises.

YOU ARE FURTHER NOTIFIED that "Payment" as required under this notice shall mean Actual Receipt by owner's above-referenced duly authorized agent of the above-specified sum. Payments made in person may be delivered to landlord's duly authorized agent at the above-referenced address on the following days of the week: Monday through Friday between the hours of 9:00 a.m. and 5:00 p.m. Advice regarding this notice is available from the S.F. Residential Rent Stabilization & Arbitration Board, 25 Van Ness Ave., #320, San Francisco, CA 94102.

This notice may be considered a "consumer debt" under the Federal Fair Debt Collection Practices Act (FDCPA) and Calif. Law. Therefore, you are informed of the following: The amount of your debt is stated above as Total Balance Due, and the name of the original and current creditor is Land Wilson. Be advised that back rent obligations may be considered "consumer debts" within the meaning of the FDCPA. Accordingly, California and federal law require that you be informed that the failure to pay back rent may be reported to a consumer credit reporting agency. This is an attempt to collect a debt and any information obtained will be utilized for this purpose only. If you dispute the validity of this debt, you have thirty days following receipt of this notice to dispute its validity. All disputes must be communicated to Bornstein Law, at 507 Polk Street, Ste. 310, San Francisco, CA 94102; (415) 409-7611.

The "dispute communication" should contain the dollar amount, a description of the suspected error, with an explanation as to why you believe there is an error. Unless you, within thirty days after receipt of this notice, dispute the validity of the debt or any portion thereof, it will be assumed to be valid by Bornstein Law. If you notify Bornstein Law within the thirty day period after service of this notice is completed upon you that you dispute the rent owed, or any portion thereof, Bornstein Law will obtain verification of the debt, and a copy of all supporting documentation and supporting verification of the amount of rent owed shall be mailed to you by the undersigned. Legal action against you based upon this notice will be abated from the time that you deliver to Bornstein Law your dispute communication until verification of the debt owed is provided to you in accordance with the provisions herein.

The insurer of this notice may be considered a third-party debt collector subject to the FDCPA. Accordingly, you are informed as follows: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This notice supersedes prior notice(s).

Daniel Cheung, Esq.
Bornstein Law
Attorneys and Duly Authorized Agent for Landlord

Wilson



# Notice to Tenant Required by Rent Ordinance §37.9(c)

*Effective March 19, 2016, a copy of this Notice to Tenant must be attached to every notice to terminate tenancy.*

## NOTICE TO TENANT (English)

The landlord has served you with a notice to terminate your tenancy. A tenant's failure to timely act in response to a notice to terminate tenancy may result in a lawsuit by the landlord to evict the tenant. Advice regarding the notice to terminate tenancy is available from the San Francisco Rent Board located at 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Office hours are Monday to Friday, 8:00 am - 5:00 pm, except holidays. Counselors are also available by telephone at (415) 252-4602 between 9:00 am - 12:00 pm and 1:00 pm - 4:00 pm. Information is also available at www.sfrb.org.

You may be eligible for affordable housing programs and apartments. Visit the website of the Mayor's Office of Housing and Community Development (MOHCD) at www.sfmohcd.org for information about available homes, waiting lists and program eligibility. If you are being evicted because the building's owner or relative is moving into your unit or because of the Ellis Act, you may qualify for an affordable housing lottery preference. For more information about local housing resources, the *San Francisco Housing Resource Guide* is available at http://sfmohcd.org/san-francisco-housing-resource-guide.

## NOTIFICACIÓN AL INQUILINO (Spanish)

El arrendatario le ha dado a usted un aviso de desalojo de su inquilinato. Si el inquilino no actúa a tiempo en respuesta a un aviso de desalojo, el arrendatario podría demandar legalmente al inquilino para desalojarlo. Puede obtener asesoría sobre el aviso de desalojo de su inquilinato en la Junta del Control de Rentas de San Francisco ubicada en 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. El horario de atención es de lunes a viernes de 8:00 am a 5:00 pm, excepto feriados. Consejeros están disponibles por teléfono en el (415) 252-4602 entre las 9:00 am - 12:00 pm y 1:00 pm - 4:00 pm. También hay información disponible en www.sfrb.org.

Puede ser que usted reúna los requisitos para programas de vivienda y apartamentos a precios asequibles. Visite el sitio web de la Oficina de Desarrollo de Vivienda y la Comunidad del Alcalde (Mayor's Office of Housing and Community Development o MOHCD) en www.sfmohcd.org para obtener información sobre viviendas disponibles, listas de espera y requisitos para el programa. Si está siendo desalojado porque un familiar del propietario del inmueble está mudando a su unidad o debido a la Ley Ellis, se le podría dar preferencia en el sorteo de viviendas a precios asequibles. Para información sobre recursos de vivienda local, la *Guía de Recursos para Vivienda de San Francisco* está disponible en http://sfmohcd.org/san-francisco-housing-resource-guide.

## THÔNG BÁO CHO NGƯỜI THUÊ NHÀ (Vietnamese)

Chủ nhà đã tống đạt cho quý vị thông báo chấm dứt hợp đồng thuê nhà. Nếu người thuê không hành động kịp thời để đáp ứng thông báo chấm dứt hợp đồng thuê nhà thì có thể dẫn đến việc chủ nhà nộp đơn kiện để trục xuất người thuê đó. Quý vị có thể được tư vấn về thông báo chấm dứt hợp đồng thuê nhà này tại San Francisco Rent Board (Ủy Ban Kiểm Soát Tiền Thuê Nhà San Francisco), địa chỉ 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Văn phòng mở cửa từ Thứ Hai đến Thứ Sáu, 8:00 giờ sáng - 5:00 giờ chiều, không kể ngày lễ. Quý vị cũng có thể nói chuyện với người tư vấn qua điện thoại tại số (415) 252-4602 từ 9:00 giờ sáng - 12:00 giờ trưa và 1:00 - 4:00 giờ chiều. Thông tin cũng có sẵn tại trang web www.sfrb.org.

Có thể quý vị hội đủ điều kiện tham gia chương trình trợ cấp nhà ở và căn hộ chung cư với chi phí vừa túi tiền. Hãy xem trang web của Sở Phát Triển Nhà Ở Và Cộng Đồng Của Thị Trưởng (Mayor's Office of Housing and Community Development - MOHCD) tại địa chỉ www.sfmohcd.org để biết thêm thông tin về các loại nhà có sẵn, danh sách chờ đợi và các điều kiện của chương trình. Nếu quý vị đang bị trục xuất khỏi nhà vì điều luật Ellis hoặc vì chủ nhà hay người thân của chủ nhà sắp dọn vào ở nhà của quý vị, có thể quý vị hội đủ điều kiện được ưu tiên trong cuộc bắt thăm trúng nhà thuê vừa túi tiền. Để biết thêm thông tin về các nguồn trợ giúp trong địa phương về nhà ở, quý vị có thể tìm đọc Cẩm Nang Các Nguồn Trợ Giúp Về Nhà Ở San Francisco (San Francisco Housing Resource Guide) tại địa chỉ http://sfmohcd.org/san-francisco-housing-resource-guide.

Case: 19-30914    Doc# 1-11    Filed: 08/15/19    Entered: 08/15/19 10:24:52    Page 42
of 92



# Notice to Tenant Required by Rent Ordinance §37.9(c)

*Effective March 19, 2016, a copy of this Notice to Tenant must be attached to every notice to terminate tenancy.*

## 租客通知 (Chinese)

您的房東已向您發出終止租約通知。如租客未能及時採取行動回應該通知，可能導致房東提出訴訟驅逐租客。如果您需要獲得有關終止租約通知的建議，請洽詢三藩市租務委員會。地址：25 Van Ness Avenue, Suite 320, San Francisco, CA 94102。辦公時間：週一至週五，上午 8:00 - 下午 5:00（節假日除外）。您也可以致電諮詢員，電話: (415) 252-4602 上午 9:00 - 下午 12:00 及下午 1:00 - 4:00。相關資訊可參閱網站：www.sfrb.org。

您可能有資格申請可負擔房屋計劃和公寓。請上網 www.sfmohcd.org 瀏覽市長的住房與社區發展辦公室 (MOHCD) 網站，以獲知有關現有住屋、等候名單和計劃參加資格等資訊。如果您因為建物所有人或親戚要遷入您的住宅單位或由於艾利斯法而被驅逐，您可能有資格獲得可負擔房屋的抽籤優先權。如需更多有關本地住房資源的資訊，請上網 http://sfmohcd.org/san-francisco-housing-resource-guide 瀏覽三藩市住房資源指南。

## УВЕДОМЛЕНИЕ АРЕНДАТОРУ ЖИЛЬЯ (Russian)

Арендодатель вручил вам уведомление о расторжении договора аренды жилого помещения. В случае несвоевременных действий арендатора в ответ на данное уведомление арендодатель может подать в суд иск о выселении арендатора. Если вам необходима консультация по поводу уведомления о расторжении договора, вы можете обратиться в Комитет аренды жилья города Сан-Франциско, расположенный по адресу: 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Часы работы Комитета — с понедельника по пятницу с 8:00 до 17:00 (за исключением праздничных дней). С консультантами можно также связаться по телефону (415) 252-4602 с 9:00 до 12:00 и с 13:00 до 16:00. Кроме того, информация размещена на веб-сайте www.sfrb.org.

Вы, возможно имеете право на участие в программах по предоставлению доступного жилья и квартир. Посетите веб-сайт мэра города, раздел жилищного строительства и развития общин («МОНCD»), www.sfmohcd.org, где вы сможете получить дополнительную информацию о предоставляемом жилье, списках ожидания и ваших правах на участие в подобного рода программах. Если вас выселяют, потому что владелец или родственники владельца здания должны въехать в вашу квартиру, соответственно закону «Ellis Act», то у вас, возможно, есть право претендовать на определенные преимущества при участии в лотерее по предоставлению доступного жилья. За более подробной информацией о помощи по предоставлению жилья просьба обращаться к руководству г. Сан-Франциско по предоставлению подобной помощи на веб-сайте http://sfmohcd.org/san-francisco-housing-resource-guide.

## ABISO SA NANGUNGUPAHAN (Filipino)

Nabigyan na kayo ng nagpapaupa ng abiso tungkol sa pagwawakas sa inyong pangungupahan. Ang hindi pagkilos sa taming oras ng nangungupahan sa pagtugon sa abiso ng pagwawakas sa pangungupahan ay posibleng mauwi sa paghahabla ng nagpapaupa para ma-evict o mapalis sa tahanan ang nangungupahan. May makakuhang payo tungkol sa abiso ng pagwawakas sa pangungupahan mula sa San Francisco Rent Board (Lupon para sa Pangungupahan sa San Francisco) na nasa 25 Van Ness Avenue, Suite 320, San Francisco, CA 94102. Bukas sa opisina tuwing Lunes hanggang Biyernes, 8:00 am - 5:00 pm, maliban sa mga pista opisyal. May mga tagapayo rin na makakausap sa telepono sa (415) 252-4602 sa pagitan ng 9:00 am - 12:00 pm at ng 1:00 - 4:00 pm. Makakukuha rin ng impormasyon sa www.sfrb.org.

Posibleng kuwalipikado kayo para sa mga abot-kayang pabahay at apartment. Pumunta sa Opisina para sa Pabahay at Pagpapaunlad sa Komunidad (Office of Housing and Community Development, MOHCD) ng Alkalde sa www.sfmohcd.org. para sa karagdagang impormasyon tungkol sa makukuhang bahay, waiting lists (listahan para sa naghihintay makapasok) at mga kinakailangan para maging kuwalipikado. Kung pinapaalis kayo sa inyong tahanan dahil titira na sa inyong unit ang may-ari ng building o ang kanyang kamag-anak, o dahil sa Ellis Act, posibleng kuwalipikado rin kayo para sa abot-kayang pabahay sa pamamagitan ng lottery preference (pagbibigay-preperensiya batay sa ala-suwerteng bunutan). Para sa karagdagang impormasyon tungkol sa mapagkukunan ng tulong para sa lokal na pabahay, matitingnan ang *San Francisco Housing Resource Guide* (Gabay para sa Mapagkukunan ng Impormasyon at Tulong ukol sa Pabahay sa San Francisco) sa http://sfmohcd.org/san-francisco-housing-resource-guide.

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF San Francisco

I have read the foregoing Complaint - Unlawful Detainer

and know its contents. ☐ CHECK APPLICABLE PARAGRAPHS

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a of
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on 6/19/19 , at San Francisco , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Land Wilson                              X _Davis_
_____                  _____
TYPE OR PRINT NAME                            SIGNATURE

**PROOF OF SERVICE**
1013a (3) CCP Revised 2004

STATE OF CALIFORNIA, COUNTY OF
I am employed in the county of , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On , I served the foregoing document described as

in this action

on
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on , at , California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on , at , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                  _____
TYPE OR PRINT NAME                            SIGNATURE
                                         *(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
                                         MAIL SLOT, BOX, OR BAG)
                                         **(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

EXHIBIT 3

Edward Coughlin
70 Wilmot Street
San Francisco, CA 94115
(562) 230-1489
Defendant In Pro Per.

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

LIMITED JURISDICTION

| | |
|---|---|
| Land Wilson, | Case No. CUD-19-665059 |
| Plaintiff, | **ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER** |
| v. | |
| Edward Coughlin, et al., | |
| Defendants. | |

Defendant Edward Coughlin("Defendant") hereby answers the Complaint filed by plaintiff Land Wilson ("Plaintiff") as follows:

1. Defendant claims the following statements of the Complaint are false: 1, 7, 8, 10, 11, 14.

2. Defendant has no information or belief that the following statements are true, so defendant denies them: 4, 5, 6, 13.


AFFIRMATIVE DEFENSES

3. Plaintiffs are endeavoring to recover possession in violation of San Francisco Administrative Code § 37.9 and the Rules and Regulations promulgated thereunder.

4. Plaintiff has breached the warranty to provide habitable premises.

1

Case: 19-30814   Doc# 14-1   Filed 09/25/19   Entered 09/25/19 15:21:52   Page 46 of 92

EXHIBIT 3

5. Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

6. Plaintiff is estopped by conduct from seeking possession.

7. The complaint fails to state a cause of action.


## OTHER STATEMENTS

8. Defendant claims a deposit plus unpaid interest pursuant to San Francisco Administrative Code § 49.2 in an amount to be proven at trial


WHEREFORE, Defendant prays for judgment from this Court as follows:

9. That Plaintiff take nothing requested in the complaint
10. Costs incurred in this proceeding
11. Reasonable attorney fees
12. Such other and further relief as the Court deems appropriate and proper.

Dated: July 9, 2019

_____
Edward Coughlin
Defendant In Pro Per.


## VERIFICATION

I, Edward Coughlin, am a defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that this answer is true and correct

Dated: July 9, 2019

_____
EDWARD COUGHLIN
Defendant In Pro Per.

2

Edward Coughlin
70 Wilmot Street
San Francisco, CA 94115
Phone: (562) 230-1489
Defendant In Pro Per.

PROOF OF SERVICE BY MAIL

CASE NAME: Land Wilson v. Edward Coughlin, et al..
CASE NO.: CUD-19-665059

I, PABLO PEREZ, declare as follows:

I am employed within the City and County of San Francisco. My business address is EVICTION DEFENSE COLLABORATIVE, 1338 Mission Street, 4th Floor, San Francisco, California 94103. I am over the age of eighteen (18) years of age and not a party to the within action. I am readily familiar with the EVICTION DEFENSE COLLABORATIVE's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 9, 2019, in accordance with Code of Civil Procedure Section 1013a (3), I served the following:

- Defendant's Answer to Complaint-Unlawful Detainer
- Defendants Demand for Jury Trial and Settlement Conference

upon PLAINTIFF Land Wilson, by placing the same at the EVICTION DEFENSE COLLABORATIVE for deposit in the United States Postal Service on that date in an envelope addressed as follows:

Daniel Cheung
BORNSTEIN LAW
507 Polk St, Suite 310
San Francisco, CA 94102

I sealed the envelope and placed it for collection and mailing on that date following ordinary business practices, in the City and County of San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 9, 2019 at San Francisco, California.

Edward Coughlin
70 Wilmot Street
San Francisco, CA 94115
T: (562) 230-1489

Defendant In Pro Per

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

LIMITED JURISDICTION

| | |
|---|---|
| Land Wilson, | Case No. CUD-19-665059 |
| Plaintiff, | **DEMAND FOR JURY TRIAL AND MANDATORY SETTLEMENT CONFERENCE** |
| v. | |
| Edward Coughlin, et al., | |
| Defendants. | |

Defendant Edward Coughlin hereby demands a trial by jury of all issues and a mandatory settlement conference in the above-entitled case.

Dated: July 9, 2019

_____
Edward Coughlin
Defendant In Pro Per

Trial Date: Not yet set

1

JURY DEMAND

Edward Coughlin
70 Wilmot Street
San Francisco, CA 94115
Phone: (562) 230-1489
Defendant In Pro Per.

## PROOF OF SERVICE BY MAIL

CASE NAME: Land Wilson v. Edward Coughlin, et al..
CASE NO.: CUD-19-665059

I, DARA O PEREZ , declare as follows:

I am employed within the City and County of San Francisco. My business address is EVICTION DEFENSE COLLABORATIVE, 1338 Mission Street, 4th Floor, San Francisco, California 94103. I am over the age of eighteen (18) years of age and not a party to the within action. I am readily familiar with the EVICTION DEFENSE COLLABORATIVE's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 9, 2019, in accordance with Code of Civil Procedure Section 1013a (3), I served the following:

- Defendant's Answer to Complaint-Unlawful Detainer
- Defendants Demand for Jury Trial and Settlement Conference

upon PLAINTIFF Land Wilson, by placing the same at the EVICTION DEFENSE COLLABORATIVE for deposit in the United States Postal Service on that date in an envelope addressed as follows:

Daniel Cheung
BORNSTEIN LAW
507 Polk St, Suite 310
San Francisco, CA 94102

I sealed the envelope and placed it for collection and mailing on that date following ordinary business practices, in the City and County of San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 9, 2019 at San Francisco, California.

PROOF OF SERVICE

EXHIBIT 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel Cheung (SBN 264971)<br>Bornstein Law<br>507 Polk Street, Suite 310<br>San Francisco, CA 94102 | **FILED**<br>San Francisco County Superior Court<br><br>AUG X 5 2019<br><br>CLERK OF THE COURT<br>BY: _____ Deputy Clerk |
| TELEPHONE NO.: 415-409-7611   FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: Land Wilson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF: Land Wilson

DEFENDANT: Edward Coughlin

| JUDGMENT - UNLAWFUL DETAINER | CASE NUMBER: |
|---|---|
| ☐ By Clerk   ☐ By Default   ☒ After Court Trial<br>☒ By Court   ☐ Possession Only   ☒ Defendant Did Not<br>                Appear at Trial | CUD-19-665059 |

### JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ Clerk's Judgment (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (Item 4).
   e. ☐ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☒ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*: AUG X 5 2019  AT 9:00 AM

   before *(name of judicial officer)*: **Gail Dekreon**

   b. Appearances by:

   | ☒ Plaintiff *(name each)*: | ☒ Plaintiff's attorney *(name each)*: |
   |---|---|
   | Land Wilson | (1) Daniel Cheung (SBN 264971)<br>(2) |

   ☐ Continued on *Attachment 2b* (form MC-025).

   | ☐ Defendant *(name each)*: | ☐ Defendant's attorney *(name each)*: |
   |---|---|
   | | (1)<br>(2) |

   ☐ Continued on *Attachment 2b* (form MC-025).

   c. ☒ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☒ A statement of decision (Code Civ. Proc., § 632)  ☒ was not  ☐ was   requested.

Form Approved for Optional Use
Judicial Council of California
UD-110 [New January 1, 2003]   CEB Essential Forms   ceb.com

JUDGMENT - UNLAWFUL DETAINER

Code of Civil Procedure, §§ 415.46,
585(d), 664.6, 1169

Wilson, Land

EXHIBIT 4

| PLAINTIFF: Land Wilson | CASE NUMBER: |
|---|---|
| DEFENDANT: Edward Coughlin | CUD-19-665059 |

JUDGMENT IS ENTERED AS FOLLOWS BY: ☒ THE COURT ☐ THE CLERK

3. Parties. Judgment is
   a. ☒ for plaintiff (name each): Land Wilson

   and against defendant (name each): Edward Coughlin

   ☐ Continued on Attachment 3a (form MC-025).

   b. ☐ for defendant (name each):

4. ☒ Plaintiff ☐ Defendant is entitled to possession of the premises located at (street address, apartment, city, and county):
   70 Wilmot Street
   San Francisco       CA      94115       San Francisco

5. ☒ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169 and 1174.3).

6. ☒ Amount and terms of judgment
   a. ☒ Defendant named in item 3a above must pay plaintiff on the complaint:

   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
      ☐ Defendant named in item 3b is to recover costs: $
      ☐ and attorney fees: $

   | | | |
   |---|---|---|
   | (1) ☒ Past-due rent | $ | 6,100.00 |
   | (2) ☒ Holdover damages | $ | 4,739.76 |
   | (3) ☐ Attorney fees | $ | |
   | (4) ☒ Costs | $ | 240.00 |
   | (5) ☐ Other (specify): | $ | |
   | (6) TOTAL JUDGMENT | $ | 11,079.76 |

   c. ☒ The rental agreement is canceled.   ☒ The lease is forfeited.

7. ☐ Conditional judgment. Plaintiff has breached the agreement to provide habitable premises to defendant as stated in Judgment—Unlawful Detainer Attachment (form UD-110S), which is attached.

8. ☐ Other (specify):

   ☐ Continued on Attachment 8 (form MC-025).

Date: Aug 5, 2019

Date: _____   ☐ Clerk, by _____, Deputy

JUDICIAL OFFICER
Gail Dekreon

| (SEAL) | CLERK'S CERTIFICATE (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____ Deputy |

UD-110 [New January 1, 2003]

CEB | Essential Forms
ceb.com

JUDGMENT - UNLAWFUL DETAINER

Page 2 of 2

Wilson, Land

EXHIBIT 5

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Daniel Cheung (SBN 264971)
FIRM NAME: Bornstein Law
STREET ADDRESS: 507 Polk Street, Suite 310
CITY: San Francisco  STATE: CA  ZIP CODE: 94102
TELEPHONE NO.: 415-409-7611  FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name): Land Wilson
[ ] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

Plaintiff: Land Wilson
Defendant: Edward Coughlin

CASE NUMBER: CUD-19-665059

| WRIT OF | [ ] EXECUTION (Money Judgment) | [X] Limited Civil Case (including Small Claims) |
|---|---|---|
| | [X] POSSESSION OF  [ ] Personal Property  [X] Real Property | |
| | [ ] SALE | [ ] Unlimited Civil Case (including Family and Probate) |

1. To the Sheriff or Marshal of the County of: San Francisco
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): Land Wilson
   is the [X] original judgment creditor  [ ] assignee of record  whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   Edward Coughlin
   70 Wilmot Street
   San Francisco, CA 94115

   [ ] Additional judgment debtors on next page

5. Judgment entered on (date): 8/5/19

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.

10. [ ] This writ is issued on a sister-state judgment.

For Items 11–17, see form MC-012 and form MC-013-INFO

| 11. Total judgment (as entered or renewed) | $ |
| 12. Costs after judgment (CCP 685.090) | $ |
| 13. Subtotal (add 11 and 12) | $ |
| 14. Credits to principal (after credit to interest) | $ |
| 15. Principal remaining due (subtract 14 from 13) | $ |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ |
| 17. Fee for issuance of writ | $ 25.00 |
| 18. Total (add 15, 16, and 17) | $ 25.00 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees)  $
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i))  $

20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): AUG 12 2019  Clerk, by _____ , Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]
ceb.com  CEB Essential Forms
Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EXHIBIT 5

| | | CASE NUMBER: |
|---|---|---|
| Plaintiff: | Land Wilson | CUD-19-665059 |
| Defendant: | Edward Coughlin | |

21. ☐ Additional judgment debtor *(name, type of legal entity if not a natural person, and last known address):*

22. ☐ Notice of sale has been requested by *(name and address):*

23. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)

a. on *(date):*
b. name, type of legal entity if not a natural person, and last known address of joint debtor:

a. on *(date):*
b. name, type of legal entity if not a natural person, and last known address of joint debtor:

c. ☐ Additional costs against certain joint debtors are itemized: ☐ Below ☐ On Attachment 23c

24. ☒ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

a. ☒ Possession of real property: The complaint was filed on *(date):* 6/20/19
   *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

   (1) ☒ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

   (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

   (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

   (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

      (a) The daily rental value on the date the complaint was filed was $ 131.66
      (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

b. ☐ Possession of personal property.
   ☐ If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
c. ☐ Sale of personal property.
d. ☐ Sale of real property.
e. The property is described: ☒ Below ☐ On Attachment 24e
   70 Wilmot Street, City of San Francisco, County of San Francisco, State of California, Zipcode: 94115

| Plaintiff: | Land Wilson | | CASE NUMBER: |
|---|---|---|---|
| Defendant: | Edward Coughlin | | CUD-19-665059 |

## NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

1 MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
2 235 Montgomery Street, Suite 400
San Francisco, CA 94104
3 Telephone: (415) 395-9315
Facsimile: (415) 288 9755
4 *romeolaw@msn.com*

5 Attorneys for Land Wilson

6 UNITED STATES BANKRUPTCY COURT

7 NORTHERN DISTRICT OF CALIFORNIA

8

9 In re ) Bk. No. 19-30814 DM7
) Chapter 7
10 In re EDWARD CORNELIUS COUGHLIN )
dba New Village Cafe )
11 dba The Village Cafe, LLC ) **DECLARATION OF DANIEL**
) **CHEUNG IN SUPPORT OF**
) **MOTION FOR RELIEF FROM**
12 Debtor. ) **AND ANNULMENT OF**
) **AUTOMATIC STAY**
13 )
) Date: August 29, 2019
14 ) Time: 11:00 a.m.
) Court Judge Montali
15 ) US Bank. Court
) 450 Golden Gate, 16th Fl
16 ) Courtroom 17
) San Francisco, CA 94102
17 )
) [Residential Eviction-70 Wilmot St
18 ) San Francisco, CA 94115]
)
19 )

20

21 I, DANIEL CHEUNG, state:

22 1. I am an attorney representing the Movant, Land Wilson ("Movant") in

23 recovering possession of residential property located at 70 Wilmot Street, San Francisco

24 California 94115 (the "Property") with my business address at 507 Polk Street, Suite 310, San

25 Francisco, CA 94102. I am one of the counsel for Movant in an unlawful detainer action in San

26 Francisco Superior Court in the case of Land Wilson v. Edward Coughlin, San Francisco

27 Superior Court No. CUD 19-665059 (the "Eviction Action").

28

1       2.       Counsel for Movant commenced the Eviction Action in San Francisco Superior

2  Court on June 20, 2019 based on non-payment of rent. A true and correct copy of the

3  Complaint in the Eviction Action is attached to the Motion as Exhibit 2 and made a part hereof.

4       3.       The Eviction Action was served and Debtor appeared in the action and filed an

5  answer and demand for jury trial. A true and correct copy of the Answer in the Eviction Action

6  is attached to the Motion as Exhibit 3 and made a part hereof.

7       4.       The case was set for trial on Monday, August 5, 2019. Prior to that time,

8  Bornstein Law had to prepare for a jury trial as demanded by Debtor in his answer, at

9  considerable expense to the Movant. On August 5, 2019, Movant and I appeared for trial on

10  August 5, 2019 but the Debtor did not appear. This often happens in eviction cases where the

11  defendant really has no defense and is just stalling for time. In any event, there was an

12  uncontested court trial by the Court, resulting in judgment (the "Judgement") for Movant for

13  possession and unlawful detainer damages. A true and correct copy of the Judgment in the

14  Eviction Action is attached to the Motion as Exhibit 4 and made a part hereof.

15       5.       On August 7, 2019, I prepared a writ of possession and Sheriff's instructions to

16  enforce the Judgement and gave it to my runner, Patrick Woo, to process with the court. As of

17  that date, the judgement was not docketed on the Court's electronic Register of Actions, so I

18  directed Patrick Woo to wait a day or two and resubmit the papers, which he did.

19       6.       On August 12, 2019, the Superior Court acted on the papers previously

20  submitted by Bornstein Law and issued a writ of possession (the "Writ") from the clerk of the

21  Superior Court pursuant to the judgement. (Bornstein, ¶ 5 and Exhibit 5). A true and correct

22  copy of the Writ in the Eviction Action is attached to the Motion as Exhibit 5 and made a part

23  hereof.

24       7.       On Friday, August 9, 2019, I left the office for a short vacation with a planned

25  return of August 15, 2019.

26       8.       On Sunday, August 11, 2019, I received a scan of the BNC Notice from the

27  Movant. This was the first time that I or anyone else at Bornstein Law had any notice that this

28

1   pending Chapter 7 case had been filed. According to the proof of service on the BNC Notice, it

2   was sent only to the Movant and not to our office. I have checked the Register of Actions in the

3   Eviction Action and no party has filed a Notice of Stay in that case, so it does not appear that

4   the Superior Court was notified of this bankruptcy case.

5          Under penalty of perjury under the laws of the state of California, I certify the foregoing

6   to be true and correct of my own personal knowledge, that I can give competent testimony

7   thereto if called as a witness in court, and that this Declaration was executed at San Rafael,

8   Marin County, California on August 15, 2019.

9                                              /s/   Daniel Cheung
                                               DANIEL CHEUNG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile: (415) 288 9755
romeolaw@msn.com

Attorneys for Land Wilson

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                    )  Bk. No. 19-30814 DM7
                                                         )  Chapter 7
In re EDWARD CORNELIUS COUGHLIN                           )
dba New Village Cafe                                      )  **DECLARATION OF LAND**
dba The Village Cafe, LLC                                 )  **WILSON IN SUPPORT OF**
                                                         )  **MOTION FOR RELIEF FROM**
                    Debtor.                               )  **AND ANNULMENT OF**
                                                         )  **AUTOMATIC STAY**
                                                         )
                                                         )  Date:  August 29, 2019
                                                         )  Time:  11:00 a.m.
                                                         )  Court  Judge Montali
                                                         )         US Bank. Court
                                                         )         450 Golden Gate, 16th Fl
                                                         )         Courtroom 17
                                                         )         San Francisco, CA 94102
                                                         )
                                                         )  [Residential Eviction-70 Wilmot St
                                                         )  San Francisco, CA 94115]
                                                         )
_____                 )

I, LAND WILSON, state:

        1.      I am a resident of Marin County, California and along with Anna Wilson, an

owner of residential property located at 70 Wilmot Street, San Francisco, California 94115, (the

"Property") which is a single family residence.

        2.      On December 17, 2017, the owners leased the Property to the Debtor for use as a

residence under a written rental agreement. The rental agreement was for a term of one year

from January 1, 2018 to December 31, 2018. Thereafter, the lease was month to month per its

terms. A true and correct copy of the rental agreement is attached to the Motion as Exhibit 1 and made a part hereof.

3. On or about May 10, 2019, Debtor breached the rental agreement by failing to pay the full rent due for that month. Debtor has not paid any rent for his residence since a partial payment on May 10, 2019. After Debtor had failed to pay rent for June 2019, the owners engaged Bornstein Law to commence an action for eviction against the Debtor based on non-payment of rent. On my behalf, counsel commenced an unlawful detainer action in San Francisco Superior Court on June 20, 2019 in the case of Land Wilson v. Edward Coughlin, San Francisco Superior Court No. CUD 19-665059 (the "Eviction Action").

4. The case was set for trial on Monday, August 5, 2019. I appeared at court with one of my counsel, Daniel Cheung, on August 5, 2019 but the Debtor did not appear. There was An uncontested court trial by the Court, resulting in judgment (the "Judgement") for Movant for possession and unlawful detainer damages.

5. Once the case was over, Anna Wilson and I left town for a vacation. On August 6, 2019, after we had left, I received a text from one of the neighbors to the Property that said: "Edward is moving out right now. FYI." The neighbor went on to describe that a large truck was at the Property and that furniture and boxes were being loaded onto the truck.

6. Due to the neighbor's report, on Saturday, August 10, 2019, on the way back from vacation, we drove by the Property to verify its status. Although it appeared to be empty, I was unable to verify its status or make any contact with anyone at the Property. On return to my home in San Rafael on August 10, 2019, at about 8:00 p.m., I found a BNC Notice of Commencement of Chapter 7 Case (the "BNC Notice") in the mail. This is the first knowledge we had that this Chapter 7 case had been filed. On Sunday, August 11, 2019, we sent a scan of the BNC Notice to our counsel, Daniel Cheung, but his auto-reply on his email stated he was out of the office from August 12, 2019 until August 14, 2019. The next day, August 12, 2019, we sent another scan of the BNC Notice to an alternate address at Bornstein Law.

7. As of the date of this motion, the Debtor is in possession of the Property. The

1 | Debtor's continued occupation of the Premises is without the permission or consent of the
2 | Owners. While the occupants maintain possession without right, and shielded by the automatic
3 | stay, we have no control over the Property, cannot inspect or maintain it, nor ensure that the
4 | occupants are not committing waste or misuse of the Property. In fact, neighbors of the Property
5 | have complained to me that Debtor does not appear to be using a refuse service, because
6 | garbage and refuse are piled up in the back yard, creating a health and safety nuisance for the
7 | Property and the neighborhood.

8 | Under penalty of perjury under the laws of the state of California, I certify the foregoing
9 | to be true and correct of my own personal knowledge, that I can give competent testimony
10 | thereto if called as a witness in court, and that this Declaration was executed at San Rafael,
11 | Marin County, California on August 15, 2019.

12 | /s/ Land Wilson
LAND WILSON

1   MARK J. ROMEO (Bar # 112002)
    LAW OFFICES OF MARK J. ROMEO
2   235 Montgomery Street, Suite 400
    San Francisco, CA 94104
3   Telephone: (415) 395-9315
    Facsimile:    (415) 288 9755
4   *romeolaw@msn.com*

5   Attorneys for Land Wilson

6
                    UNITED STATES BANKRUPTCY COURT
7
                    NORTHERN DISTRICT OF CALIFORNIA
8

9
    In re EDWARD CORNELIUS COUGHLIN  )   Bk. No. 19-30814 DM7
10  dba New Village Café              )   Chapter 7
    dba The Village Café, LLC         )
11                                    )   **CERTIFICATE OF SERVICE ON**
                    Debtor.           )   **MOTION FOR ANNULMENT**
12                                    )   **AND/OR RELIEF FROM STAY**
                                      )
13                                    )   Date:  August 29, 2019
                                      )   Time:  11:00 a.m.
14                                    )   Court: Judge Montali
                                      )        US Bank. Court
15                                    )        450 Golden Gate Ave.
                                      )        Courtroom 17, 16th Floor
16                                    )        San Francisco CA 94102
                                      )
17                                    )   [Residential Eviction-70 Wilmot St
    _____)   San Francisco, CA 94115]
18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action; my business address is 235 Montgomery Street, Suite 400, San Francisco, CA 94104.

On _August 15_ _____, 2019, I served the foregoing document(s) on the interested party(ies) in this action by placing ___ a true copy ___ the original of said document(s) in a sealed envelope(s) addressed as stated below and

**BY MAIL**

_X_    I deposited such envelope(s) in the mail at San Francisco, California.

I am "readily familiar" with the office's practice of collection and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.* **Exclusive of ECF Registrants-Served Via ECF**

**BY PERSONAL SERVICE**

___    Personally hand delivered said document(s) to addressee

I caused said document(s) to be served via personal service

**BY OVERNIGHT MESSENGER**

I caused said document(s) to be served by **Federal Express** for next-day delivery.

**BY FACSIMILE**

I faxed such document(s) to telephone number _____. A transaction report confirming a successful transmission was obtained.

## PARTY(IES) SERVED:

**Debtor**
Edward Cornelius Coughlin
70 Wilmot St
San Francisco, CA 94115

**Debtor Atty (None)**

**Ch 7 Trustee**
E. Lynn Schoenmann
35 Miller Ave. #298
Mill Valley, CA 94941-1903

**U.S. Trustee**
Office of the U.S. Trustee
450 Golden Gate Ave.
5th Floor, #05-0
San Francisco, CA 94102

**Special Notice**
Synchrony Bank c/o
PRA Receivables Management
POB 41021
Norfolk VA 23541

**DOCUMENTS SERVED:**
(1)    Not of Mot for Annulment of Stay
(2)    Mot for Annulment of Stay
(3)    Dec of Wilson Mot for Annulment of Stay
(4)    Dec of Cheung Mot for Annulment of Stay
(5)    RS Cover Sheet

8948-01\BK\STAY-MOTION.COUGHLIN.POS                                 PROOF OF SERVICE MOT FOR RELIEF FROM STAY   Page 2

1 | (6)     Cert of Service Mot for Annulment of Stay

2 | __X__     (Federal) Under penalty of perjury, I declare that I am employed in the office of a
member of the bar of this court at whose direction the service was made.
3 |         Executed on __August 15_____, 2019, at San Francisco, California.

4 | Mark Romeo _____     _/S/ Mark Romeo_____
| Type or Print Name                          Signature

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*19-456294*

Edward Coughlin
70 Wilmot St
San Francisco, CA 94115

562-230-1489

Defendant in Pro Per.

ENDORSED
FILED
San Francisco County Superior Court

AUG 2 7 2019

CLERK OF THE COURT
BY: NANCY WONG
Deputy Clerk

## Superior Court of the State of California
## For the County of San Francisco

| | |
|---|---|
| Land Wilson | Case No. CUD-19-665059 |
| Plaintiff, | **ORDER AFTER EX PARTE HEARING** |
| vs. | |
| Edward Coughlin | |
| Defendant | |

The Ex-Parte Application of Defendant, Edward Coughlin, for an Order vacating the default

and default judgment entered in the above-entitled case came on for Ex Parte hearing on 8/27/2019 in

Dept. 501 the above-entitled Court located at 400 McAllister St in San Francisco, CA the Honorable

Charles F Haines, Presiding.

In reading the application of Defendants and good cause appearing therefore:

~~IT IS ORDERED THAT the judgment entered in the above-entitled action~~
~~against Defendant be rendered void and unenforceable.~~

The judgment entered during the pendency of Bankruptcy Stay (see Notice of Stay filed by Defendant) and the writ thereon shall not be enforced until further order of this Court (if Court regains jurisdiction) or order of the Bankruptcy Court.

~~The judgment entered against Edward Coughlin in the above matter is hereby VACATED.~~

8-27-2019                                                 Charles Haines

- 14 -                                    CHARLES F HAINES

Daniel Bornstein (SBN 169159)
Daniel Cheung (SBN 264971)
Bornstein Law
507 Polk Street, Ste. 310
San Francisco, CA 94102
Telephone: (415) 409-7611

Attorneys for Plaintiff

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 3 0 2019

CLERK OF THE COURT
CAROLYN BALISTRERI
BY:_____
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO - LIMITED CIVIL JURISDICTION

| | |
|---|---|
| Land Wilson, | Case Number: CUD-19-665059 |
| Plaintiff, | EX PARTE APPLICATION TO ALLOW OF ENFORCEMENT OF JUDGMENT, OR IN THE ALTERNATIVE, TO STAY MOTIONS OR APPLICATIONS TO VACATE JUDGMENT UNTIL SEPTEMBER 16, 2019 |
| vs. | |
| Edward Coughlin, et al., | |
| Defendant. | Date:       August 30, 2019 |
| | Time:       9:00 a.m. |
| | Location:   Courtroom 501 |
| | Judge:      Hon. Charles F. Haines |

APPLICATION

I, Daniel Cheung, hereby apply on behalf of plaintiff in the above-captioned matter for an order to allow enforcement of judgment, or in the alternative, to stay all motions or applications to vacate judgment until September 16, 2019.

DECLARATION

I, Daniel Cheung, declare as follows:

1. I am admitted to practice law before all of the courts of California and am an attorney of record herein for plaintiff.

-1-

Ex Parte Application for Entry of Judgment.

2.  The instant unlawful detainer action was precipitated on defendant's failure to pay rent.  On August 5, 2019, judgment was granted to plaintiff after trial.  Defendant did not appear at trial.

3.  On or about August 10, 2019, after judgment was granted, plaintiff received notification that defendant had filed for bankruptcy.  The instant matter was stayed by the bankruptcy filing, and therefore plaintiff filed a Motion for Relief from and Annulment of Automatic Stay before the United State Bankruptcy Court.  The motion was set to be heard on August 29, 2019.

4.  On August 27, 2019, this Court issued an order staying the enforcement of the August 5, 2019 judgment until further order of this Court or order of the Bankruptcy Court.

5.  At the hearing on Motion for Relief from and Annulment of Automatic Stay, defendant **falsely represented** to the Bankruptcy Court that this Court had already vacated the August 5, 2019 judgment.  The Bankruptcy Court granted plaintiff relief from automatic stay, but, relying on defendant's false statements and believing that the issue was moot, did not grant an annulment of the bankruptcy filing.  (See Declaration of Mark Romeo).  Upon discovery that defendant had made a false statement to the Bankruptcy Court, plaintiff's bankruptcy attorney Mark Romeo intends to file a motion for reconsideration on September 12, 2019.  (See Declaration of Mark Romeo).

6.  Plaintiff hereby requests an order allowing plaintiff to enforce the August 5, 2019 judgment, or, in the alternative, an order staying all motions or applications to vacate the subject judgment until September 16, 2019, after the motion for reconsideration is heard before the Bankruptcy Court.

7.  Plaintiff is entitled to enforce the subject judgment because defendant failed to notify plaintiff or this Court of his bankruptcy filing.  The courts have held that in the context of stay litigation, the debtor has an affirmative duty to inform a claimant of the stay. (Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) ("The debtor has the burden of providing the creditor with actual notice."); Mitchell Constr. Co., Inc. v. Smith (In re Smith), 180 B.R. 311, 319 (Bk. N.D. Ga. 1995) ("It is a

-2-

debtor's responsibility to make sure that creditors have reasonable, actual notice of a pending bankruptcy case."); In re Flack, 239 B.R. 155, 163 (Bk. SD Oh. 1999). In the instant matter, defendant had failed to fulfill this affirmative duty, failing to notify either plaintiff the San Francisco Superior Court of this bankruptcy filing. This argument was not duly considered by the Bankruptcy Court because of defendant's false representation. Therefore, having regained jurisdiction, this Court should consider this issue and grant plaintiff leave to enforce the judgment granted after trial.

8. In the alternative, plaintiff requests a stay of any motions or applications to vacate the subject judgment until September 16, 2019, after the Bankruptcy Court has a chance to evaluate defendant's misconduct and reconsider the arguments for an annulment of the bankruptcy filing.

9. On or about 2:30 p.m., August 29, 2019, I telephoned defendant and informed him that our office would be appearing at this hearing. I spoke with defendant, informing him of the date, time, location, and nature of this hearing. I received notice of defendant's misrepresentation to the Bankruptcy Court on or about 2:00 p.m., and gave defendant ex parte notice as soon as the filing of this application is authorized.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and can personally testify thereto.

Dated: August 30, 2019

Bornstein Law

Daniel Cheung, Esq.
Attorneys for Plaintiff

-3-

1  Daniel Bornstein (SBN 169159)
   Kathryn Quetel (SBN167100)
2  Dylan Tong (SBN 323741)
   Bornstein Law
3  507 Polk Street, Suite 310
   San Francisco, CA  94102
4  Telephone:  (415) 409-7611
   Facsimile:  (415) 463-2349
5
   Attorneys for Plaintiff
6  Land Wilson

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN FRANCISCO

9                    - LIMITED CIVIL JURISDICTION -

10

11  LAND WILSON,                          ) Case Number: CUD-19-665059
                                          )
12       Plaintiff,                       ) Mark Romeo's Declaration in Support of Ex Parte
                                          ) Application to Allow Enforcement of Judgment
13       vs.                              )
                                          )
14  EDWARD COUGHLIN, ET AL.,              )
                                          )
15       Defendants.                      )
16

17  I, Mark Romeo, declare as follows:

18

19

20       1.      I am an attorney representing plaintiff Land Wilson in his Motion for Annulment and/or

21  Relief From Stay in the matter of In re Edward Cornelius Coughlin dba New Village Café dba The

22  Village Café, LLC, Bk. No. 19-30814 DM7 before the United States Bankruptcy Court in the Northern

23  District of California.

24

25       2.      On August 29, 2019, the motion was heard before Judge Montali of the United States

26  Bankruptcy Court.

27       3.      At the hearing, defendant Edward Coughlin falsely represented to Judge Montali that the

28  judgement against him in the instant unlawful detainer was vacated by Judge Haines.

29

                                          -1-

Mark Romeo's Declaration In Support of Plaintiff's Ex Parte Application

4.     At the time of the hearing, I was not aware of defendant Coughlin's Ex Parte Application to Vacate Default and Default Judgment before the San Francisco Superior Court. I did not have a chance to thoroughly review this Court's August 27, 2019 order, in which the judgment was not vacated, but rather only stayed from enforcement until further order by this Court or by the Bankruptcy Court. Therefore, I did not articulate to Judge Montali that defendant's representation that the unlawful detainer judgment was vacated was untrue.

5.     Judge Montali relied on defendant's false representation in his ruling on the Motion for Annulment and/or Relief From Stay, declining to grant an order annulling defendant's bankruptcy filing because he believed the issue to be moot.

6.     After the hearing and after a chance to fully review this Court's August 27, 2019 order, I became aware that defendant had made false representations to the U.S. Bankruptcy Court. I am preparing to appear before Judge Montali on September 12, 2019 to alert him of defendant Coughlin's misrepresentations in hearing on a motion for new trial and reconsideration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and can personally testify thereto.

Dated: August 29, 2019

_____
Mark J. Romeo, Esq.

-2-

Mark Romeo's Declaration In Support of Plaintiff's Ex Parte Application

1    MARK J. ROMEO (Bar # 112002)
     LAW OFFICES OF MARK J. ROMEO
2    235 Montgomery Street, Suite 400
     San Francisco, CA 94104
3    Telephone: (415) 395-9315
     Facsimile: (415) 288 9755
4    _romeolaw@msn.com_

5    Attorneys for Land Wilson

6                UNITED STATES BANKRUPTCY COURT

7                 NORTHERN DISTRICT OF CALIFORNIA

8

9    In re                             )   Bk. No. 19-30814 DM7
                                )   Chapter 7
10   In re EDWARD CORNELIUS COUGHLIN   )
     dba New Village Cafe               )   **MOTION FOR NEW TRIAL AND**
11   dba The Village Cafe, LLC          )   **ALTERNATIVELY FOR**
                                )   **RECONSIDERATION ON**
12             Debtor.        )   **ANNULMENT OF AUTOMATIC**
                                )   **STAY; SUPPORTING FACTS**
13                                 )   **AND MEMORANDUM OF**
                                )   **POINTS AND AUTHORITIES**
14                                 )
                                )   Date: September 12, 2019
15                                 )   Time: 11:00 a.m.
                                )   Court Judge Montali
16                                 )        US Bank. Court
                                )        450 Golden Gate, 16th Fl
17                                 )        Courtroom 17
                                )        San Francisco, CA 94102
18                                 )
                                )
19 _____ )

20

21

22    TO THE UNITED STATES BANKRUPTCY COURT, THE DEBTOR, THE CHAPTER 7
     TRUSTEE, ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF
23    RECORD:

24        Movant Land Wilson ("Movant") hereby moves the court for an order under

25    Bankruptcy Rules 9023 and 9024 and FRCP Rules 59(a)(1) and 60(a) and 60(b)(1) and (3) for

26    a new trial and alternatively to reconsider granting annulment of the stay in addition to relief

27    from stay. In support of the motion, Movant submits the following facts and arguments:

28

## FACTUAL ALLEGATIONS IN SUPPORT OF MOTION

1. Movant filed a motion for annulment of and/or relief from the automatic stay in this case. The Motion was granted as to relief from stay but not as to annulment. Movant requests the Court to reconsider granting annulment because the debtor represented to the Court and Movant that the unlawful detainer judgement had been vacated by the San Francisco Superior Court, (the "Superior Court Order") so Movant sought only relief from stay and not annulment. (Decl. of Mark J. Romeo, [hereafter "Romeo"], ¶¶ 1-3).

2. Movant's counsel did not know of the Superior Court Order until the case was called and was shown the order only at the time of the hearing. The Superior Court order did not actually vacate the judgement, although at the time that counsel quickly read it, it appeared to have done that, due to the confusing strikeouts and illegible interlineations in the form of order. Counsel did not get to review the actual order until after the hearing when it was obtained from the Superior Court Register of Actions. (Romeo, ¶ 4 and Exhibit 1).

3. The Superior Court Order actually states:

In reading the application of Defendants and good cause appearing therefore:

The judgement entered during the pendency of the Bankruptcy Stay (see Notice of Stay filed by Defendant) and the writ thereon shall no be enforced until further order of the Court (if Court retains jurisdiction) or order of the Bankruptcy Court.

(Exhibit 1). In the quick reading of the copy of the order at the hearing, the sentence that the "Judgement entered against Edward Coughlin in the above matter is hereby VACATED" did not appear to have been stricken out. (Romeo, ¶ 4 and Exhibit 1).

4. Prior to the hearing, Movant's state court counsel in the Eviction Action had not seen the Superior Court Order, had not been served with it, and had not been given notice of the ex parte application to obtain the order. (Dec. of Daniel Cheung, ¶¶ 1-2).

5. Movant's counsel and the Court assumed that based on the Debtor's representation that annulment was moot so Movant's counsel only sought relief and not annulment of the stay. In particular, Movant's counsel was arguing under a mistake of fact that arose as a surprise at the hearing. There was no reason not to seek annulment based on the

1  actual terms of the Superior Court Order.

2        6.    Debtor also represented to the Court at the hearing that he had informed

3  Movant's state court counsel of the bankruptcy filing on July 31, 2019, at a settlement

4  conference in the Superior Court. The time-stamp on the petition in this case shows it was filed

5  at "14:51:56" or at 2:57 p.m. The settlement conference in Superior Court was set for 1:30 p.m.

6  that day and was concluded before the time the petition was filed, so there could not have been

7  a truthful representation that a stay was in effect. (Cheung, ¶ 3). This new evidence from Debtor

8  was not known before hearing on August 29, 2019.

9  

**REQUEST FOR JUDICIAL NOTICE**

10        7.    Movant requests the court to take judicial notice of the following which are

11  records of this Court and/or a court of this state:

12      a.   Recording of Hearing, August 29, 2019, In re Edward Cornelius Coughlin No.

13          19-30814, Motion for Relief From Stay

14      b.   Petition, July 31, 2019, In re Edward Cornelius Coughlin No. 19-30814

15      c.   Exhibit 1: Order after Ex Parte Hearing, August 27, 2019, Land Wilson v.

16  Edward Coughlin, San Francisco Superior Court No. CUD 19-665059 (the "Eviction Action").

17  

**MEMORANDUM OF POINTS AND AUTHORITIES**

18        8.    This motion is made pursuant to Bankruptcy Rule 9023 and FRCP Rule

19  59(a)(1)(B) and alternatively, FRCP Rules 60(a) and 60(b)(1) and (3). Bankruptcy Rule 9023

20  incorporates FRCP Rule 59(a)(1)(B), which states in pertinent part:

21          The Court may on motion, grant a new trial on all or some of the
       issues—and to any party—as follows:

22          ...
       (B) after a non-jury trial, for any reason that for which a rehearing has

23      heretofore been granted in an action at law in a federal court.

24  Alternatively, this motion is made pursuant to Bankruptcy Rule 9024 and FRCP Rules 60(a)

25  and 60(b)(1) and (3). Bankruptcy Rule 9024 incorporates FRCP Rule 60.  As relevant to this

26  motion, FRCP Rule 60(b) states in pertinent part:

27      (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion
       and just terms, the court may relieve a party or its legal representative from a

28

final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;...

(3) fraud (whether previously called extrinsic or intrinsic) misrepresentation or misconduct by an opposing party.

Both of these grounds are asserted alternatively on this motion.

9.     Relief should be available under Rule 59.  "Rule 59 does not specify the grounds on which a motion for new trial may be granted." (Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007)). Rather, the court is "bound by those grounds that have been historically recognized." (Id). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'"( Id.). The hearing took a direction that was not fair to the Movant because of the sudden, surprise production of the Superior Court Order and the representation that the judgement was "vacated."

10.     In this case, there was a substantial misunderstanding as to the representations of the debtor regarding the Superior Court Order and that had a prejudicial effect on the relief sought buy the Movant. Furthermore, due to the unexpected nature of the evidence, there was no discussion at the hearing that the Eviction Action was still stayed--and that applied to proceedings by the Movant **and** the debtor. Whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petitioner in bankruptcy occurs." Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir. 1987) (citing Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449, 19 V.I. 641 (3d Cir. 1982)).  As noted in the moving papers, proceedings in a stayed action are void. (In re Schwartz 954 F2 569, 571 (9th Cir. 1992). This point was not addressed in the hearing and should be reconsidered or a new trial granted.

11.     Alternatively, relief should be available under Bankruptcy Rule 9024 and FRCP Rule 60. Relief can be granted where there is surprise, mistake or fraud on the court. (10 Collier on Bankruptcy (2019) P 9024.03. In this case, no one on Movant's side had seen the order and

its existence came to light just as the case was called. It is self-evidently difficult to read and parse. Therefore, Movant should be relieved of the mistake, surprise and misrepresentation, and the Court should reconsider annulment of the stay in light of the void nature of the Superior Court Order.

**CONCLUSION**

12.    Based upon the foregoing, the Court should reconsider Movant requests that annulment be granted. The Court should consider the actual effect of the Superior Court Order and amend its ruling to allow for annulment as prayed for in the motion.

DATED: August 30, 2019          LAW OFFICES OF MARK J. ROMEO

By /s/ _Mark J. Romeo_
MARK J. ROMEO

MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile:    (415) 288 9755
_romeolaw@msn.com_

Attorneys for Land Wilson

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re | ) Bk. No. 19-30814 DM7 |
| | ) Chapter 7 |
| In re EDWARD CORNELIUS COUGHLIN | ) |
| dba New Village Cafe | ) **DECLARATION OF DANIEL** |
| dba The Village Cafe, LLC | ) **CHEUNG IN SUPPORT OF** |
| | ) **MOTION FOR NEW TRIAL AND** |
| Debtor. | ) **ALTERNATIVELY FOR** |
| | ) **RECONSIDERATION ON** |
| | ) **ANNULMENT OF AUTOMATIC** |
| | ) |
| | ) Date:   September 12, 2019 |
| | ) Time:  11:00 a.m. |
| | ) Court   Judge Montali |
| | )           US Bank. Court |
| | )           450 Golden Gate, 16th Fl |
| | )           Courtroom 17 |
| | )           San Francisco, CA 94102 |
| | ) |
| | ) |
| | ) |

I, DANIEL CHEUNG, state:

     1.    I am an attorney representing the Movant, Land Wilson ("Movant") in

recovering possession of residential property located at 70 Wilmot Street, San Francisco

California 94115 (the "Property") with my business address at 507 Polk Street, Suite 310, San

Francisco, CA 94102. I am one of the counsel for Movant in an unlawful detainer action in San

Francisco Superior Court in the case of <u>Land Wilson v. Edward Coughlin,</u> San Francisco

Superior Court No. CUD 19-665059 (the "Eviction Action").

1      2.      I saw the Superior Court Order attached to the Declaration of Mark J. Romeo

2  as Exhibit 1 for the first time on August 29, 2019 after the first hearing on the Motion for

3  Annulment of Stay. I was not served a copy of the order after the apparent hearing in San

4  Francisco Superior Court on August 27, 2019 and was not notified prior to the appearance of

5  the debtor in Superior Court of that proceeding.

6      3.      Prior to the filing of debtor's bankrtupcy case, there was a settlement conference

7  on July 31, 2019 in the Eviction Action at 1:30 p.m.. Debtor attended the settlement conference.

8  I understand that Debtor has asserted that he told both me and the Superior Court that he had

9  filed a bankrtupcy. Debtor made no such statement and showed us no papers showing that. The

10  settlement conference concluded within approximately one hour. The petition filed in this case

11  shows that it was time stamped at 2:56 p.m., which was after the settlement conference

12  concluded.  Defendants often tell our firm that they "are filing bankruptcy" or "will file

13  bankrtupcy" or "thinking about filing bankruptcy" and similar threats, and in such instances, my

14  practice has been to ask to see papers to that effect. I was never shown any papers showing that

15  the debtor filed a bankrtupcy case on July 31, 2019.

16      Under penalty of perjury under the laws of the state of California, I certify the foregoing

17  to be true and correct of my own personal knowledge, that I can give competent testimony

18  thereto if called as a witness in court, and that this Declaration was executed at San Francisco,

19  California on August 30, 2019.

20                            /s/  *Daniel Cheung*
                          DANIEL CHEUNG

21

22

23

24

25

26

27

28

8948-01\RECON.MOTION.DEC.CHEUNG.001            -2-           DEC. OF CHEUNG MOT. FOR NEW TRIAL ETC. - Page 2

MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile:   (415) 288 9755
*romeolaw@msn.com*

Attorneys for Land Wilson

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Bk. No. 19-30814 DM7 |
| ) | Chapter 7 |
| In re EDWARD CORNELIUS COUGHLIN ) | |
| dba New Village Cafe ) | **DECLARATION OF MARK J.** |
| dba The Village Cafe, LLC ) | **ROMEO IN SUPPORT OF** |
| ) | **MOTION FOR NEW TRIAL AND** |
| Debtor. ) | **ALTERNATIVELY FOR** |
| ) | **RECONSIDERATION ON** |
| ) | **ANNULMENT OF AUTOMATIC** |
| ) | |
| ) | Date: |
| ) | Time:  11:00 a.m. |
| ) | Court   Judge Montali |
| ) | US Bank. Court |
| ) | 450 Golden Gate, 16th Fl |
| ) | Courtroom 17 |
| ) | San Francisco, CA 94102 |
| ) | |
| ) | |
| ) | |
| _____ ) | |

I, MARK J. ROMEO, state:

1.      I am an attorney representing the Movant, Land Wilson ("Movant") in this case.

I appeared for the movant in this Court on August 29, 2019 on the preliminary hearing on

Movant's Motion for Relief From Stay. The Motion sought annulment and releif from stay for

movant to continue his action to recover possession of residential property located at 70 Wilmot

Street, San Francisco California 94115 (the "Property") in an unlawful detainer action in San

Francisco Superior Court in the case of <u>Land Wilson v. Edward Coughlin,</u> San Francisco

Superior Court No. CUD 19-665059 (the "Eviction Action").

2.      At the hearing, the Motion was granted as to relief from stay but not as to annulment. Movant requests the Court to reconsider granting annulment because the debtor represented to the Court and Movant that the unlawful detainer judgement had been vacated by the San Francisco Superior Court, (the "Superior Court Order") so Movant sought only relief from stay and not annulment.

3.      Movant's counsel did not know of the Superior Court Order until the case was called and was shown the order only at the time of the hearing. I was surprised at this new development as I had no prior knowledge that any proceedings had taken place in the Superior Court and did not have time to confirm the existence and content of the order. The Superior Court Order did not actually vacate the judgement. At the time that I quickly read it, it appeared to have done that, due to the confusing strikeouts and illegible interlineations in the form of order. Debtor did not give me a copy so the only way I could actually review the actual was after the hearing when I obtained it from the Superior Court Register of Actions. A true and correct copy of the Superior Court Order is attached hereto as Exhibit 1 and made a part hereof. In the quick reading of the copy of the order at the hearing, the sentence that the "Judgement entered against Edward Coughlin in the above matter is hereby VACATED" did not appear to have been stricken out.

4.      Movant's counsel and the Court assumed that based on the Debtor's representation that the judgement was vacated, that annulment was moot so Movant only sought relief and not annulment of the stay.

Under penalty of perjury under the laws of the state of California, I certify the foregoing to be true and correct of my own personal knowledge, that I can give competent testimony thereto if called as a witness in court, and that this Declaration was executed at San Francisco, California on August 30, 2019.

/s/  Mark J. Romeo
MARK J. ROMEO

Edward Coughlin
70 Wilmot St
San Francisco, CA 94115

562-230-1489

Defendant in Pro Per.

F I L E D
San Francisco County Superior Court

AUG 27 2019

CLERK OF THE COURT
BY: _____
                    Deputy Clerk

Superior Court of the State of California

For the County of San Francisco

| | |
|---|---|
| Land Wilson | ) Case No. CUD-19-665059 |
|            Plaintiff, | ) ORDER AFTER EX PARTE HEARING |
| vs. | ) |
| Edward Coughlin | ) |
|            Defendant | ) |

The Ex-Parte Application of Defendant, Edward Coughlin, for an Order vacating the default and default judgment entered in the above-entitled case came on for Ex Parte hearing on 8/27/2019 in Dept. 501 the above-entitled Court located at 400 McAllister St in San Francisco, CA the Honorable Charles F Haines, Presiding.

In reading the application of Defendants and good cause appearing therefore: _The judgment entered during the pendency of Bankruptcy Stay (see_ ~~IT IS ORDERED THAT the judgment entered in the above-entitled action~~ _Notice of Stay filed by Defendant) and the writ thereon shall_ ~~against Defendant be rendered void and unenforceable.~~ _not be enforced until further order of this Court (if Court_ ~~The judgment entered against Edward Coughlin in the above matter is hereby VACATED.~~ _regains jurisdiction) or order of the Bankruptcy Court._

_8-27-2019_

_Charles Haines_
CHARLES F. HAINES

- 14 -

MARK J. ROMEO (Bar # 112002)
LAW OFFICES OF MARK J. ROMEO
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile: (415) 288 9755
*romeolaw@msn.com*

Attorneys for Land Wilson

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 19-30814 DM7 |
| | Chapter 7 |
| In re EDWARD CORNELIUS COUGHLIN | |
| dba New Village Cafe | **CERTIFICATE OF SERVICE ON** |
| dba The Village Cafe, LLC | **MOTION FOR NEW TRIAL AND** |
| | **ALTERNATIVELY FOR** |
| Debtor. | **RECONSIDERATION ON** |
| | **ANNULMENT OF AUTOMATIC** |
| | **STAY; SUPPORTING FACTS** |
| | **AND MEMORANDUM OF** |
| | **POINTS AND AUTHORITIES** |
| | |
| | Date: |
| | Time: 11:00 a.m. |
| | Court Judge Montali |
| | US Bank. Court |
| | 450 Golden Gate, 16th Fl |
| | Courtroom 17 |
| | San Francisco, CA 94102 |

1                                       **PROOF OF SERVICE**

I am employed in the City and County of San Francisco, California. I am over the age

2 of 18 years and not a party to the within action; my business address is 235 Montgomery Street, Suite 400, San Francisco, CA 94104.

3             On _August 30_____, 2019, I served the foregoing document(s) on the interested party(ies) in this action by placing ___ a true copy ___ the original of said

4 document(s) in a sealed envelope(s) addressed as stated below and
**BY MAIL**

5 _X_     I deposited such envelope(s) in the mail at San Francisco, California.
___     I am "readily familiar" with the office's practice of collection and processing

6 correspondence for mailing. Under that practice, the mail would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California,

7 in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

8 date of deposit for mailing in affidavit.**\* Exclusive of ECF Registrants-Served Via ECF**
**BY PERSONAL SERVICE**

9 ___     Personally hand delivered said document(s) to addressee
_X_     I caused said document(s) to be served via personal service

10 **BY OVERNIGHT MESSENGER**
___     I caused said document(s) to be served by **Federal Express** for next-day delivery.

11 BY FACSIMILE
___     I faxed such document(s) to telephone number _____. A transaction report

12 confirming a successful transmission was obtained.
                                 **PARTY(IES) SERVED**:

13 **Debtor**
Edward Cornelius Coughlin

14 70 Wilmot St
San Francisco, CA 94115

15

**DOCUMENTS SERVED**:

16 (1)      Motion
(2)      Dec of Cheung

17 (3)      Dec of Romeo

18 _X_    (Federal) Under penalty of perjury, I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19            Executed on _August 30_____, 2019, at San Francisco, California.

20 Mark Romeo_____      _/S/ Mark Romeo_____
Type or Print Name                         Signature

21

22

23

24

25

26

27

28

1  | Daniel Bornstein (SBN 169159)
   | Kathryn Quetel (SBN167100)
2  | Dylan Tong (SBN 323741)
   | Bornstein Law
3  | 507 Polk Street, Suite 310
   | San Francisco, CA 94102
4  | Telephone: (415) 409-7611
   | Facsimile: (415) 463-2349
5  |
   | Attorneys for Plaintiff
6  | Land Wilson

ENDORSED
**FILED**
San Francisco County Superior Court

SEP 1 8 2019

CLERK OF THE COURT
BY: CAROLYN BALISTRERI
                              Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

- LIMITED CIVIL JURISDICTION -

| | |
|---|---|
| LAND WILSON, | ) Case Number: CUD-19-665059 |
| | ) |
| Plaintiff, | ) Mark Romeo's Declaration in Support of Ex Parte |
| | ) Application to Allow Enforcement of Judgment |
| vs. | ) |
| | ) |
| EDWARD COUGHLIN, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

I, Mark Romeo, declare as follows:

1.     I am an attorney representing plaintiff Land Wilson in his Motion for Annulment and/or Relief From Stay in the matter of In re Edward Cornelius Coughlin dba New Village Café dba The Village Café, LLC, US Bankruptcy Court, Northern District of California No. 19-30814 DM7

2.     On August 29, 2019, the motion was heard before Judge Montali of the United States Bankruptcy Court.

3.     At the hearing, defendant Edward Coughlin falsely represented to Judge Montali that the judgement against him in the instant unlawful detainer was vacated by Judge Haines.

4.     At the time of the hearing, I was not aware of defendant Coughlin's Ex Parte Application to Vacate Default and Default Judgment before the San Francisco Superior Court. I did not have a

-1-

Mark Romeo's Declaration In Support of Plaintiff's Ex Parte Application

chance to thoroughly review this Court's August 27, 2019 order, in which the judgment was not vacated, but rather only stayed from enforcement until further order by this Court or by the Bankruptcy Court. Therefore, I did not articulate to Judge Montali that defendant's representation that the unlawful detainer judgment was vacated was untrue. Also, as of the date of the application by the defendant, the matter was stayed.

5. Judge Montali relied on defendant's representation in his ruling on the Motion for Annulment and/or Relief from Stay. Judge Montali granted an order for relief from stay, but declined to grant an order annulling defendant's bankruptcy filing because he believed the issue to be moot. A true and correct copy of the August 27, 2019 Order is hereto attached and incorporated by reference as Exhibit A.

6. After the hearing and after a chance to fully review this Court's August 27, 2019 order, I became aware that defendant had misrepresented the state court's order. I therefore filed a motion for reconsideration for the additional relief of annulment of the stay, which was heard on September 12, 2019 before Judge Montali. At the hearing, Judge Montali granted plaintiff's order for reconsideration, and issued an order specifically annulling the automatic stay such that plaintiff may enforce the August 5, 2019 judgment in the instant matter, and the August 12, 2019 writ of possession issued thereunder. A true and correct copy of the U.S. Bankruptcy Court's Order for Annulment of Stay on Motion for Reconsideration is attached hereto and incorporated by reference as Exhibit B.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and can personally testify thereto.

Dated: September 16, 2019

Mark J. Romeo

-2-

Mark Romeo's Declaration In Support of Plaintiff's Ex Parte Application



1    MARK J. ROMEO (Bar # 112002)
      LAW OFFICES OF MARK J. ROMEO   Signed and Filed: September 3, 2019
2    235 Montgomery Street, Suite 400
      San Francisco, CA 94104
3    Telephone: (415) 395-9315
      Facsimile:    (415) 288 9755
4    *romeolaw@msn.com*

      **DENNIS MONTALI**
      **U.S. Bankruptcy Judge**

5    Attorneys for Land Wilson

6

7            UNITED STATES BANKRUPTCY COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10   In re EDWARD CORNELIUS COUGHLIN     )    Bk. No. 19-30814 DM7
      dba New Village Café                   )    Chapter 7
11   dba The Village Café, LLC            )
                                             )    **ORDER FOR RELIEF FROM**
12              Debtor.              )    **STAY**
                                             )
13                                              )    Date:    August 29, 2019
                                             )    Time:   11:00 a.m.
14                                              )    Court: Judge Montali
                                             )           US Bank. Court
15                                              )          450 Golden Gate Ave.
                                             )          Courtroom 17, 16th Floor
16                                              )          San Francisco CA 94102
                                             )
17                                              )    [Residential Eviction-70 Wilmot St
       ─────────────────────── )    San Francisco, CA 94115]
18

19

20         The Motion of Land Wilson for Annulment and/or Relief From Stay came on for

21 hearing before the court on August 29, 2019. Mark J. Romeo appeared on behalf of movant

22 Land Wilson and argued for the motion. Debtor Edward Cornelius Coughlin appeared and

23 argued in opposition to the motion. No appearance for the Chapter 7 Trustee. Having

24 considered the papers and pleadings on file herein, the court finds good cause for the motion

25 under 11 U.S.C. §§ 362(d)(1) and (2) such that

26         IT IS HEREBY ORDERED that relief from the automatic stay presently in effect in this

27 case as to Land Wilson and assigns (Movant") is GRANTED for the purpose of prosecuting an

28 eviction proceeding for residential property located at 70 Wilmot Street, San Francisco,

1   California 94115, which may include the proof and liquidation of any monetary claims (but

2   enforcement or collection); recovering possession of the Property from the Debtor and any and

3   all co-occupants; and disposing of any abandoned personal property according to state law

4   procedures.

5        IT IS FURTHER ORDERED THAT this Order shall be effective in this case and in any

6   conversion of this case to another chapter without necessity of another motion and that this

7   Order be effective immediately notwithstanding  Bankruptcy Rule 4001(a)(3).

8   **END OF ORDER**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**COURT SERVICE LIST**
Stay Motion, 8/29/19
Non ECF Registrants

3    Edward Cornelius Coughlin
     70 Wilmot St
4    San Francisco, CA 94115

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  MARK J. ROMEO (Bar # 112002)
2  LAW OFFICES OF MARK J. ROMEO  Signed and Filed: September 13, 2019
   235 Montgomery Street, Suite 400
   San Francisco, CA 94104
3  Telephone: (415) 395-9315
   Facsimile:   (415) 288 9755
4  *romeolaw@msn.com*

   **DENNIS MONTALI**
   **U.S. Bankruptcy Judge**

5  Attorneys for Land Wilson

6
               UNITED STATES BANKRUPTCY COURT
7
               NORTHERN DISTRICT OF CALIFORNIA
8

9
   In re EDWARD CORNELIUS COUGHLIN  )   Bk. No. 19-30814 DM7
10 dba New Village Café              )   Chapter 7
   dba The Village Café, LLC         )
11                                   )   **ORDER FOR ANNULMENT OF**
                                     )   **STAY ON MOTION FOR**
12         Debtor.                   )   **RECONSIDERATION**
                                     )
13                                   )   Date:   September 12, 2019
                                     )   Time:   11:00 a.m.
14                                   )   Court: Judge Montali
                                     )          US Bank. Court
15                                   )          450 Golden Gate Ave.
                                     )          Courtroom 17, 16th Floor
16                                   )          San Francisco CA 94102
                                     )
17 _____ )   [Residential Eviction-70 Wilmot St
                                         San Francisco, CA 94115]
18

19
         The Motion of Land Wilson for Reconsideration of Annulment of the Automatic Stay
20
   on his original motion at Docket # 14 came on for hearing before the court on September 12,
21
   2019.  Mark J. Romeo appeared on behalf of movant Land Wilson and argued for the motion.
22
   Debtor Edward Cornelius Coughlin appeared and argued in opposition to the motion. No
23
   appearance for the Chapter 7 Trustee. Having considered the papers and pleadings on file
24
   herein, the court finds good cause for the motion  under 11 U.S.C. §§ 362(d)(1) and (2) such
25
   that
26
         IT IS HEREBY ORDERED that the Motion is GRANTED and the automatic stay is
27
   ANNULLED in this case effectively as of July 30, 2019, as to Land Wilson and assigns
28

1  (Movant") such that Movant's actions subsequent to such date in the case of <u>Land Wilson v.</u>

2  <u>Edward Coughlin,</u> San Francisco Superior Court No. CUD 19-665059 (the "Eviction Action")

3  including the Judgement dated August 5, 2019 and Writ of Possession issued August 12, 2019

4  may be enforced under state law procedures by the San Francisco Superior Court and the

5  Sheriff of the City and County of San Francisco, for the purpose of prosecuting an eviction

6  proceeding for residential property located at 70 Wilmot Street, San Francisco, California

7  94115.

8       IT IS FURTHER ORDERED THAT this Order shall be effective in this case and in any

9  conversion of this case to another chapter without necessity of another motion and that this

10  Order be effective immediately notwithstanding Bankruptcy Rule 4001(a)(3).

11  **END OF ORDER**

1
# COURT SERVICE LIST
Reconsideration of Annulment of Stay Motion, 9/12/19
2
Non ECF Registrants

3
Edward Cornelius Coughlin
70 Wilmot St
4
San Francisco, CA 94115

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28